Richard Joe ORTIZ, Appellant,

v.

UNITED STATES of America, Appellee.

No. 8235.

United States Court of Appeals Tenth Circuit.

Oct. 22, 1965.

Bruce Ducker, Denver, Colo., for appellant.

Donald P. MacDonald, Asst. U. S. Atty. (Lawrence M. Henry, U. S. Atty., on the brief), for appellee.

Before MURRAH, Chief Judge, HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

The appellant was tried by a jury and convicted in the United States District Court for the District of Colorado on the charge of receiving stolen United States postal money orders in violation of 18 U.S.C.A. § 641.

In this appeal the appellant asserts that the trial court was in error in refusing to instruct the jury to the effect that if the appellant stole the property he could not also be found guilty of receiving it.[1]

The appellant also asserts that the court was in error in ruling, during the course of the cross-examination by his attorney of a Government witness, that the witness had the right to assert his privilege against self-incrimination although he had testified concerning a portion of a transaction which constituted a crime.

The appellant on this appeal asserts in effect that there was sufficient evidence produced during the course of the trial through his attorney's cross-examination of a witness of the Government to establish his implication in the theft of the money orders from a post office to warrant the application of the rule announced in Milanovich v. United States, 365 U.S. 551, 81 S.Ct. 728, 5 L. Ed.2d 773. There the Supreme Court held that a person convicted of stealing United States property under 18 U.S. C.A. § 641 could not also be convicted of receiving and concealing the same property. The Court quoted from its opinion in Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407, which concerned 18 U.S.C.A. § 2113, that Congress, in including receiving as a crime, was attempting to reach a "new group of wrongdoers," and was not attempting to make more severe or to multiply the offense of stealing or robbery. The Court continued in Milanovich by stating, "We find nothing in the language or history of the present statute which leads to a different conclusion here. As in Heflin, the provision of the statute which makes receiving an offense came into the law later than the provision relating to robbery."

In the Milanovich case as well as in Heflin, the defendants had been charged with both offenses, that is for stealing and for receiving. In the Milanovich case both counts went to the jury, the defendant had been found guilty on both counts, and sentenced on both. In the case at bar however the appellant was charged only under the receiving portion of 18 U.S.C.A. § 641; thus the Government in filing the information elected to proceed only on the one offense and did so at trial. The record shows that the

---

1. "A person who actually does the stealing cannot also be guilty of receiving the stolen property. Therefore, if you find that the Defendant either stole, or actively aided and abetted the stealing, of these money orders, you must find him innocent of the charges for which he is now on trial."

defendant through cross-examination of the Government's witness sought to develop his own implication in the theft of the money orders from the post office. The defendant alone sought to develop the facts relating to the theft. The Government did not do so and confined its evidence and testimony to the offense charged. As the case was submitted to the jury, there was but the one offense charged. The jury had no choice as it did in Milanovich v. United States, supra, or in Heflin v. United States, supra. There was no issue properly in the case as to any other charge or any other crime. This being so the jury was presented with no guide line as to whether or not there had been proof of the crime of burglary of the post office from which the money orders were taken. Under the theory of the appellant and under the instruction offered by the appellant the jury would necessarily have to speculate as to whether or not there had been proof of the crime of burglary or robbery. The defendant cannot create in the manner here urged another "charge" for the purpose of the rule. The doctrine expressed by the Supreme Court in the Milanovich case does not extend to a circumstance where the crime of receiving alone is charged, and the accused is tried only on such charge.

We have no issue as to the propriety of the introduction of evidence or testimony of a crime not charged by reason of the fact that the testimony was elicited by appellant's attorney apparently with a view to the reliance upon the Milanovich case.

As to the asserted error in the trial court not ruling upon a witness' reliance on the Fifth Amendment, we find that it is not necessary to the disposition of the case to pass on the question. Even if the appellant's contention as to this point is correct and the witness should have been instructed to testify further with regard to the incident, it would have served no purpose by reason of our holding above.

We find no error, and the case is therefore affirmed.