**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert Lee MINCHEW, Defendant-Appellant.**

**No. 27635**

**Summary Calendar.**

United States Court of Appeals Fifth Circuit.

Oct. 17, 1969.

Rehearing Denied Nov. 11, 1969.

A. J. McNamara, New Orleans, La., for defendant-appellant.

Louis C. La Cour, U. S. Atty., Horace P. Rowley, III, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

PER CURIAM:

This is an appeal from the United States District Court for the Eastern District of Louisiana.[1] The defendant, Robert Lee Minchew, was charged in two counts of an indictment. Count I charged that the defendant forcibly broke into a United States Post Office

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. *See* Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I.

in Lacombe, Louisiana, with intent to commit larceny, therein, in violation of 18 U.S.C. § 2115. Count II charged that defendant did receive, conceal and retain a number of United States postal money orders and over two hundred dollars in cash, with the intent to convert same to his own use and gain, knowing that these items had been stolen, all in violation of 18 U.S.C. § 641. Defendant, however, was not charged with stealing Government property in violation of section 641.[2] Defendant entered a plea of not guilty and the case was tried to a jury. He was found guilty on both counts of the indictment, and was sentenced to serve four years on Count I and two years on Count II, the sentences to run consecutively.

Defendant submits that a person cannot be guilty of receiving, concealing and retaining stolen property, if in fact he stole the property in question. Reasoning from this premise, defendant argues that the district court should have charged the jury that the defendant could not be found guilty of Count II unless they found that the defendant did not commit the theft of the items that he was charged with receiving, concealing and retaining in Count II of the indictment.

In Milanovich v. United States, 1961, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773, the petitioner was charged under section 641 with stealing Government property and with receiving and concealing the same property. The Court held that (1) the petitioner could not validly be convicted of both stealing Government property and receiving the same property, and (2) in that situation, the trial court was compelled to instruct that the jury could convict the defendant of either theft or receiving but not of both.

We must carefully note that the holding in Milanovich is that a thief cannot be convicted and punished of both *stealing* Government property and *receiving* the property he stole (the opinion does not mention retention of stolen property). The Court apparently concluded that Congress, by adding paragraph two to section 641[3] intended to reach a new group of wrongdoers, and not to multiply the offense of the thieves themselves. *See also* Heflin v. United States, 1959, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407. The Court's opinion in *Milanovich* is less than precise, and allows differing interpretations of the exact holding. One interpretation is that *Milanovich* holds that paragraph two of section 641 is uniformly inapplicable to the person who stole the Government property in question. If that is the holding of *Milanovich,* then defendant here would be entitled to a jury charge that the jury could not find the defendant guilty of receiving, concealing or retaining stolen Government property unless they first found that he had not stolen property in question.

■■■ A second interpretation of *Milanovich,* and we think the correct one, is that a person cannot be convicted and punished for both stealing Government property and for receiving the same property. The holding probably includes concealing and retaining the stolen property. So, giving *Milanovich* its widest meaning, a person cannot be punished

2. 18 U.S.C. § 641 reads as follows:
   Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or
   Whoever receives, conceals, or retains the same with intent to convert

it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted—
   Shall be fined * * *.

3. The paragraph making it an offense to steal Government property had its genesis in the Act of March 2, 1863, c. 67, 12 Stat. 696, 698. The paragraph as to receivers originated in the Act of March 3, 1875, c. 144, § 2, 18 Stat. 479. *See* Milanovich v. United States, *supra,* 365 U.S. at 554, n. 4, 81 S.Ct. 728.

for stealing Government property and for receiving, concealing or retaining the same property. This would be consistent with Congress' supposed intent not to multiply the punishment of the thief. In the present case, however, defendant was sentenced for burglary under section 2115 and retention of stolen government property[4] under section 641. He was *not* sentenced for *stealing* Government property and for receiving, concealing or retaining the same property. He is not receiving multiple punishments for the same crime.

If the Government in this case had chosen to prosecute defendant under Section 2115 for burglary of the Post Office and under section 641 for stealing Government property therefrom, the trial court could have imposed a separate sentence for each offense. Morgan v. Devine, 1915, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153; Prince v. United States, 1957, 352 U.S. 322, 328 n. 9, 77 S.Ct. 403, 1 L.Ed.2d 370. Here, the Government chose not to charge defendant with stealing Government property from the Post Office, perhaps because it felt its proof would not sustain a theft charge. That, however, did not prevent the Government from charging him with "receiving, concealing and retaining" stolen Government property. Since defendant could have been convicted and sentenced for burglarizing a Post Office and stealing Government property therefrom, we see no reason why he could not be convicted and sentenced for burglary of a Post Office and retention of Government property stolen therefrom. And this without the necessity of the trial court instructing the jury that they could convict defendant of retaining Government property only if they first found that he had not stolen that property. Defendant advances no line of logic, and

we can think of none, that compels or persuades us to expand *Milanovich* to the limits he suggests.

Affirmed.

---

4. Count II of the indictment against defendant charged that defendant did "receive, conceal and retain" stolen Government property. Section 641 makes it unlawful to "receive, conceal, or retain" stolen Government property. If a statute specifies in the disjunctive several means of committing an offense, then the indictment may allege those means in the conjunctive and the Government is only required to prove one of them. Smith v. United States, 5th Cir. 1956, 234 F. 2d 385. Thus the Government was only required to prove that defendant "retained" the stolen property, and this it did.