292 A.2d 228.

STATE *vs.* JOHN J. SILVA.

JUNE 28, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This case is before us on certification from the Superior Court on a question of law of doubt and importance. The question asked is as follows:

"(1) Can the State of Rhode Island charge a defendant with 'Possession of stolen property' in violation of Section 11-41-2 of the General Laws of Rhode Island, wherein the State has previously charged the said defendant with driving a vehicle not his own in violation of Section 31-9-1 of the General Laws of Rhode Island of 1956 as aforesaid and wherein both charges stem from the same identical set of facts?"

It is agreed that on March 30, 1970, Silva appeared in the District Court in Pawtucket and pleaded guilty to a complaint which charged that on March 28, 1970, he drove a 1964 Oldsmobile convertible belonging to Otis B. Buttrick with the intent to "temporarily" deprive Buttrick of the possession of his vehicle. This is a violation of G. L. 1956 (1969 Reenactment) §31-9-1. It is considered a misdemeanor. Silva paid a fine of $25.

Subsequently, the Grand Jury returned an indictment which charged him with having received on March 28, 1970

stolen goods, to wit, Buttrick's 1964 convertible. This second charge is a felony. The indictment was returned as the result of evidence presented to the Grand Jury by the Providence Police Department.

The certification statute contemplates that the questions asked of us will necessarily evoke a reply which will aid the trial justice in the determination of the particular case then before him. Accordingly, a question should be so framed that our reply will assist in resolving the issue in dispute. Here, this is impossible because the question posed is based upon an incorrect premise. Silva has not been charged with "Possession of stolen property."[1] The indictment charges Silva with being a receiver of stolen goods. The record, as supplemented by information furnished by the Attorney General,[2] shows that Silva stole the convertible in Pawtucket and was apprehended within a matter of hours in Providence. It would appear from the undisputed facts that the charge set forth in the indictment could not be sustained because of the basic rule that the receiver of stolen goods must be someone other than the thief. *United States* v. *Minchew,* 417 F.2d 218 (5th Cir. 1969); *State* v. *Palkimas,* 153 Conn. 555, 219 A.2d 220 (1966); *People* v. *Colon,* 28 N.Y.2d 1, 267 N.E.2d 577 (1971); *Anderson* v. *State,* 232 So.2d 364 (Miss. 1970); 3 Underhill, *Criminal Evidence* §610 at 148 (5th ed. 1957); 2 Wharton, *Criminal Law and Procedure* §576 at 296 (Anderson ed. 1957).

We will not, therefore, determine the question certified

[1]General Laws 1956 (1968 Reenactment) §31-9-2 lists possession of a stolen automobile as a felony.

[2]The supplementary information discloses that Silva was observed on March 28, 1970 at 11:30 p.m. by the Providence Police driving the convertible in that municipality. When Silva saw the police, he abandoned the automobile and fled the scene. He was apprehended later.

to us. The papers in the case are sent back to the Superior Court for further proceedings.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for plaintiff.

*James Cardono,* Public Defender, *Moses Kando,* Asst. Public Defender, for defendant.