**Eddie Lawrence PHILLIPS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 73–2516.**

United States Court of Appeals, Fourth Circuit.

Reargued Jan. 6, 1975.

Decided June 3, 1975.

Alan P. Owens, Norfolk, Va., for appellant.

J. Brian Donnelly, Asst. U. S. Atty., for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER, CRAVEN, BUTZNER, RUSSELL, FIELD and WIDENER, Circuit Judges, Sitting En Banc.

PER CURIAM:

A majority of the panel reversed Phillips' conviction and remanded for a new trial. Phillips v. United States, 502 F.2d 227 (4th Cir. 1974). On rehearing en banc a majority of the court, although fragmented as to theory, also votes to reverse the conviction and remand for a new trial, but with additional instructions to the lower court.

The main disagreement is whether Phillips' conviction at a second trial of knowing possession of stolen bank money, 18 U.S.C. § 2113(c), was invalid under the doctrine of collateral estoppel or under what may be termed the mutually-exclusive-offense rule laid down in Milanovich v. United States, 275 F.2d 716, 719 (4th Cir. 1960), aff'd in part, rev'd in part, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961).

Judges Winter, Russell, and Field would hold that for the reasons set forth in the majority panel opinion the doctrine of collateral estoppel applies: "[T]he jury's decision in the first trial to acquit Phillips of bank robbery . . . effectively determined that Phillips was not in the bank at the time of the robbery." Phillips v. United States, supra, 502 F.2d at 231. They find reversible error in permitting the government at the second trial to offer proof that Phillips was present at the bank during the robbery, even for the limited purpose of showing that Phillips possessed the money with knowledge that it had been stolen. Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). If the government elects to try Phillips anew, it should therefore not be permitted to offer proof, for any purpose, that defendant was in the bank. Furthermore, Phillips should similarly be barred from defending against the charge of possession by offering proof that he was in the bank and therefore was a "thief" rather than a "receiver." He, having benefitted by the jury's determination in the first trial, should be estopped from controverting the jury's finding.

Chief Judge Haynsworth and Judges Craven, Butzner, and Widener would hold that on the facts as recited in the panel opinion the jury's implicit acquittal of bank robbery in the first trial did not

collaterally estop the government from showing guilty knowledge by proof of defendant's presence and participation in the robbery. *See* Phillips v. United States, *supra*, 502 F.2d at 227 (Craven, J., dissenting). Judge Widener, however, in so rejecting Phillips' collateral estoppel argument, concludes for the reasons stated in his concurring and dissenting opinion that the instant conviction is free of error, and would affirm.

Chief Judge Haynsworth and Judges Craven and Butzner on the other hand find plain and reversible error in the lower court's failure to charge the jury in the second trial that if they believed Phillips was in the bank as a participant during the robbery they could not convict him of receiving and possessing stolen money. Since he had been acquitted in the first trial of bank robbery under § 2113(a), he was, as far as the combined effect of the two jury trials, either guilty of receiving and possessing the stolen funds or wholly innocent. To permit the second jury to believe that Phillips participated as a *thief* in the bank robbery—for purposes of showing guilty knowledge in his capacity as a receiver—would implicitly violate the mutually-exclusive-offense rule:

> "[I]n the absence of a contrary indication by Congress, a defendant charged with offenses under statutes of this character may not be convicted and punished for stealing and also for receiving the same goods."

Milanovich v. United States, 365 U.S. 551, 553–54, 81 S.Ct. 728, 729, 5 L.Ed.2d 773 (1961), *quoting from* Milanovich v. United States, 275 F.2d at 719. *See* Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959).

Thus, at any subsequent retrial, any proof by the government tending to show that Phillips was a bank robber would have to be accompanied by a *Milanovich* instruction. Thus, as a practical matter, the government could not show Phillips was in the bank to show guilty knowledge in receiving the stolen money for to do so would establish incapacity to be guilty as a receiver/possessor under *Milanovich.*

While under the view that it is *Milanovich* and not collateral estoppel that controls the government's position at retrial, Chief Judge Haynsworth and Judge Butzner join Judges Winter, Russell, and Field in holding that Phillips is estopped at any new trial from offering evidence that he was a bank robber. They (Haynsworth and Butzner) do not think there is any collateral estoppel by judgment, but they think there is an equitable estoppel against a complete reversal of his position by Phillips. At the first trial he presented alibi witnesses in an effort to prove he was not in the bank, and his attorney, on his behalf, apparently succeeded in persuading the jurors that they could not unanimously find beyond a reasonable doubt that he was one of the robbers. It is their view that an equitable estoppel prevents his now offering himself, or other witnesses, in an effort to prove that he was one of the robbers.

Judge Craven and Judge Widener agree that Phillips is not estopped in a subsequent retrial.

Thus, four members agree that the doctrine of collateral estoppel did not apply against the government; six members agree that the government is at least in practice barred on retrial from presenting evidence of Phillips' participation; and five members agree that Phillips is estopped on retrial from defending the possession charge by showing that he was a bank robber.

Accordingly, the court holds:

1. The panel decision is hereby vacated.

2. Possession of money stolen from a bank, made unlawful by 18 U.S.C. § 2113(c), is not a lesser included offense under 18 U.S.C. § 2113(a) (bank robbery).

3. One may not be convicted and punished for both bank robbery and possession of money stolen from a bank under 18 U.S.C. §§ 2113(a) and 2113(c) as a

result of a single occurrence. Milanovich v. United States, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961). But one who is not guilty of bank robbery may be validly convicted of possession, and *vice versa.*

■ 4. On the facts of this case as recited in the prior panel opinions, Phillips v. United States, 502 F.2d 227 (4th Cir. 1974), the doctrine of collateral estoppel as set out in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), does not apply to foreclose any proof by the United States.

5. Phillips' conviction under 18 U.S.C. § 2113(c) is reversed and the case is remanded to the district court for a new trial on the same charge within a reasonable time, if the government so chooses.

■ 6. Since a majority are agreed that as a practical matter, although for different reasons, evidence of Phillips' participation in the robbery should not be admitted, the district court should exclude it if offered by the United States.

■ 7. Phillips is estopped from offering evidence that he was one of the bank robbers.

Reversed and remanded with instructions.

WIDENER, Circuit Judge (dissenting):

I must respectfully dissent, although my brothers have styled this opinion as concurring and dissenting because of some very slight agreement with some of them along the way.

Whether we agree with Coke, that the life of the law is logic, or Holmes, that it is experience, this decision will fit in neither category. And I had taken it as assumed that everyone agreed with Cardozo that litigants are entitled to an explanation for the rulings of courts, but, here, the very opinion of the court is contradictory by its own terms, and I submit no rational basis has been exhibited for our decision.

The case started with the assignment of error made that evidence offered by the government which tended to show the defendant to have been in the bank at the time of the robbery was inadmissible in a prosecution for receiving the money taken in the robbery.

Since receiving stolen money is not a crime unless the act is done "knowing" that the same is stolen, 18 U.S.C. § 2113(c), the naked proposition asserted as error seems to me to be frivolous on its face, yet the result reached by this court is an endorsement of that principle. If evidence which tended to prove that Phillips was present and saw the money as it was being stolen from the bank is not both relevant and material to show he had knowledge it was stolen money, I am at a loss to explain how better evidence could be adduced.

Even if the argument be made that evidence of other crimes is ordinarily not admissible generally in criminal trials, so that the robbery of a bank might not be admissible in a trial for knowingly receiving the fruits of the robbery, we have uniformly held that evidence relevant to the offense charged is not made inadmissible merely because it may show that the defendant also had committed another crime with which he was not presently charged. United States v. Weems, 398 F.2d 274 (4th Cir. 1968) (indictment for kidnapping in which the evidence showed additional assault and rape); United States v. Frasier, 418 F.2d 854 (4th Cir. 1969) (indictment for kidnapping in which the evidence showed additional armed robbery).

It seems to me that with the simple and easily understood proposition just above recited the case ought to have been ended, but, unfortunately, it has not. We have taken the case of Milanovich v. United States, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961), which sets out a simple procedural protection for criminal defendants, having nothing to do with evidence, and from it fashioned a rule of evidence which will prevent the United States from offering evidence that the defendant was in the bank and saw the money being stolen, or even participating in its theft, in order to prove he had knowledge the money was in fact stolen. In *Milanovich*, the

defendant was convicted of stealing money of the United States and also of receiving the same money under 18 U.S.C. § 641, and had been sentenced to ten years on the stealing charge and five years for receiving. On appeal to this court, we set aside the five-year conviction for receiving, holding the defendant could not be convicted and sentenced under both counts but could on one, so we chose to leave the defendant with the sentence having the greater punishment. The Supreme Court reversed, saying that although a defendant could not be convicted and sentenced on both counts, it was the function of the district court and the jury to determine which count, if either, the defendant should be convicted of, and remanded the case not merely for resentencing but for a new trial under an instruction that the jury could convict of one crime but not both. What the opinion of the court here ignores is that *Milanovich* was sent back for trial on both charges. The case (*Milanovich*) has nothing to do with the admissibility, relevancy, or materiality of evidence, and I cannot accommodate myself to such a strained reading as is presented here.

With these thoughts in mind, I turn to the opinion of the court.

Four judges out of seven have agreed that the government is not estopped from offering evidence to show that the defendant was in the bank, so at this point the admittedly relevant evidence is admissible.

Next comes the proposition that three judges of the court find error in the failure of the district court ". . . to charge the jury that if they believed Phillips was in the bank as a participant in the robbery they could not convict him of receiving the stolen money." This opinion is based on *Milanovich* and a statement in that case that a defendant "may not be convicted and punished for stealing and also for receiving the same goods." 365 U.S. 551, 554, 81 S.Ct. 728, 729, 5 L.Ed.2d 773. Four judges, however, do not agree that it was error not to give such instruction, so at this

point the evidence is still admissible (4–3), and it has been decided the offending instruction should not be given (4–3).

Despite the fact that four judges voted against giving the instruction, the opinion of the court then recites ". . . any proof by the government tending to show that Phillips was a bank robber would have to be accompanied by a *Milanovich* instruction." The question immediately presents itself as to how three judges' belief an instruction should be given may prevail over four judges who are of opinion the instruction should not be given. From this rather shaky platform, the opinion of the court then continues, "Thus, as a practical matter, the government could not show Phillips was in the bank to show guilty knowledge in receiving the stolen money, for to do so would establish incapacity to be guilty as receiver/possessor under *Milanovich*." This conclusion, based as it is on the votes of only three judges, is only an opinion of a minority of the court. Basing a decision on a minority vote, I find quite unacceptable.

Having previously departed from the proposition that I had always considered universal, that a majority vote controlled judgments of this court, five of the judges then join in the opinion that the defendant is estopped from offering evidence that he was a bank robber, although the opinion recites that it is the opinion of the court (but only joined in by three judges) that the evidence is relevant and should acquit Phillips if believed by the jury. This finding is based on the fact that since Phillips offered alibi evidence at the first trial he is estopped to take a different position at a second trial. Three judges apparently do this on the ground of collateral estoppel, and two on the ground of equitable estoppel. The objections to this proposition are so numerous that I will not attempt to classify them. Suffice it to say it is my opinion that a criminal defendant, upon his plea of not guilty in a criminal case, may offer any kind of defense he has to the charge against him, whether by way of denial, or affirmative

defense, or inconsistent defense, or otherwise. He is entitled to a trial *de novo*. The plea of not guilty in a criminal trial puts even the most frivolous contention of fact in issue, if necessary to a conviction, and such plea should not be subject to the nice distinctions of pleading and procedure in civil cases, including either collateral or equitable estoppel. To me, the proposition that the defendant is estopped from offering admittedly relevant evidence is even more astonishing than the proposition that the government may not offer it. Although I do not agree that the evidence that Phillips was in the bank should tend to prove his innocence, rather I think it should tend to prove his guilt, if it is relevant, he is entitled to introduce it, and a decision to the contrary, in my mind, deprives him of a fair trial.