Eddie Lawrence PHILLIPS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 73-2516.

United States Court of Appeals,
Fourth Circuit.

Resubmitted March 22, 1976.

Decided June 2, 1976.

Alan P. Owens, Norfolk, Va., for appellant.

J. Brian Donnelly, Asst. U. S. Atty., Virginia Beach, Va., for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER, CRAVEN, BUTZNER, RUSSELL, FIELD and WIDENER, Circuit Judges, Sitting En Banc.

PER CURIAM:

In an opinion filed June 3, 1975, the majority of the court sitting en banc vacated the prior panel decision, *United States v. Phillips*, 502 F.2d 227 (4th Cir. 1974), but for variant reasons reversed the conviction and remanded for a new trial. Subsequently a petition for a writ of *certiorari* was granted by the Supreme Court, and on March 22, 1976, our judgment was vacated and the cause remanded for further consideration in light of *United States v. Gaddis*, 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976).

We have now reconsidered in light of *Gaddis* and affirm the judgment of conviction below.

*AFFIRMED.*

WINTER, Circuit Judge (dissenting):

I respectfully dissent.

The decision in *United States v. Gaddis*, 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976), does not deal with the doctrine of collateral estoppel which, in my view, was correctly articulated and applied by the majority panel decision. *Phillips v. United States*, 502 F.2d 227 (4 Cir. 1974). The jury's verdict in the first trial conclusively decided that defendant was not one of the bank robbers. Moreover, under *Gaddis*, 424 U.S. at 550, n.15, 96 S.Ct. at 1027, and *Heflin v. United States*, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959), proof that defendant was a robber was irrelevant to the issue of defendant's guilt on the possession charge, even if the fact sought to be proved had not already been conclusively decided adversely to the government's evidence. Thus I would conclude that such evidence was erroneously admitted at the second trial—that on the possession charge. To me it is manifest that such proof was prejudicial. On this record I cannot say, as the majority implicitly decides, that, beyond a reasonable doubt, the jury was uninfluenced by the erroneously admitted evidence. I would reverse and grant a new trial.