UNITED STATES of America, Appellee,

v.

**Willie Foster SELLERS, Appellant.**

**No. 74–1683.**

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 6, 1975.

Decided April 10, 1975.

Modified Sept. 2, 1976.

Certiorari Denied Jan. 25, 1977. See 97 S.Ct. 815.

Robert B. Thompson [Court-appointed], for appellant.

Jimmie C. Proctor, Asst. U. S. Atty., Asheville, N. C. (Keith S. Snyder, U. S. Atty., Asheville, N. C., on brief), for appellee.

Before CLARK, Supreme Court Justice,* HAYNSWORTH, Chief Judge, and WINTER, Circuit Judge.

Mr. Justice CLARK:

 Part III of our original opinion is hereby modified to read as follows: We turn then to appellant's last contention— that the case was improperly submitted to the jury under instructions which allowed them to convict him of both possession of stolen bank funds under 18 U.S.C. § 2113(c) and theft of bank funds under 18 U.S.C. § 2113(a), (b), and (d). While we agree that this was error, we believe that it is harmless error under the recent Supreme Court decision of *United States v. Gaddis*, 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976). *Gaddis* provides that instructions may be given on both the theft and the possession counts, but that convictions may not be sustained on both counts arising out of the same set of facts. The jury is to first consider the theft charges under § 2113(a), (b), and (d), and should consider the possession charge under § 2113(c) only if it finds insufficient evidence to support the theft charges.

In this case, the jury obviously found sufficient evidence to bring in a finding of guilt on the theft charges. Having done so, it was error to consider the possession charge. However, as we noted *supra*, it was harmless error in our view. Any prejudice resulting to Sellers may be quickly dispensed with by simply reversing the conviction on the possession count.

In view of the *Gaddis* decision and its effect upon our prior decision in this case, our prior order is modified as follows: The conviction on the possession of stolen money under 18 U.S.C. § 2113(c) is hereby reversed, and the remaining convictions under 18 U.S.C. § 2113(a), (b), and (d) are affirmed. This case is remanded to the District Court for proceedings not inconsistent with this opinion.

It is so ordered.

* Sitting by Designation.