**UNITED STATES of America**

v.

**Robert Lester TRZCINSKI, Appellant.**

**No. 76–1222.**

United States Court of Appeals, Third Circuit.

Argued Sept. 10, 1976.

Decided Dec. 2, 1976.

As Amended Jan. 14, 1977.

Rehearing and Rehearing En Banc Denied Jan. 19, 1977.

Certiorari Denied May 16, 1977. See 97 S.Ct. 2185.

Douglas Riblet, Defender Assoc. of Philadelphia, Philadelphia, Pa., for appellant.

J. Clayton Undercofler, III, U. S. Atty., Walter S. Batty, Jr., Asst. U. S. Atty., Chief, Appellate Section, Thomas J. McBride, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before VAN DUSEN, HUNTER and WEIS, Circuit Judges.

## OPINION OF THE COURT

WEIS, Circuit Judge.

■ The proper construction of a criminal statute, a query of the type that intrigues the legal mind but is a source of bafflement and some impatience to the average layman, is the stuff of this appeal. The question is whether a defendant may be convicted for the receipt and possession of stolen goods when the evidence discloses that he was in fact the thief. We opt for a literal, rather than a historical reading of the statute and answer in the affirmative.

Defendant Trzcinski and others were indicted on one count of receiving, concealing and retaining stolen government property, in violation of 18 U.S.C. § 641.[1] The evidence at trial showed that Trzcinski drove his codefendants to a repair facility in Philadelphia and remained in his automobile while the other men stole a government truck. Trzcinski followed in his car as the codefendants drove the truck to a lot owned by Trailmobile Company, where all were apprehended in the act of loading stolen tires onto the truck. The district judge, after a nonjury trial, found the defendants guilty of the offense charged. In discussing his findings, he stated:

"We could not have found that the defendants, beyond a reasonable doubt, exercised dominion over the vehicle if we had not first concluded that the defendants had stolen the truck. . . . [I]n the instant case the government needed to rely on the inference that the defendants stole the truck in order to secure their convictions for possession."

Relying on *Heflin v. United States,* 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959),

---

1. § 641. Public Money, Property or Records

   Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or

   Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted—

   Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

and *Milanovich v. United States,* 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961), the defendant argues that since the trial court believed that he stole the truck, he cannot be convicted of unlawfully possessing it.

In *Heflin v. United States, supra,* the defendant was convicted of both bank robbery and receiving the stolen money in violation of 18 U.S.C. §§ 2113(d), (c). After reviewing the meager legislative history, the Court reasoned that subsection (c), the receiving offense, was designed not to increase the robber's punishment but rather to provide punishment for those who received the loot from him. Accordingly, the Court held sentences on both counts impermissible.

In *Milanovich v. United States, supra,* guilty verdicts had been returned on a count of receiving and concealing government property, as well as one for stealing it, crimes proscribed by 18 U.S.C. § 641. The Court followed the *Heflin* reasoning, holding that when the indictment charges both theft and receiving stolen goods, the trial judge must instruct the jury that it can convict on either of the charges, but not on both.

■ Traditionally, receipt of stolen goods has been a crime distinct from the theft. Under the general view, a thief who actually carried away the goods could not "receive" them from himself. This principle is based either upon the theory of avoiding the infliction of a double penalty or upon the philosophic consideration that a single act may not constitute both the larceny and the receiving. An accessory, however, may be guilty of both larceny and receipt of stolen goods. *See* 2 F. Wharton, Criminal Law and Procedure § 576 (12th ed. 1957), and R. Perkins, Criminal Law 321 (1969). But these general observations are not controlling because, as the Supreme Court recognized in *Milanovich,* the ques-

tion is one of statutory construction, not common law distinctions.

*Milanovich* produced more confusion than clarity. The two conflicting interpretations of its holding were carefully summarized in *United States v. Minchew,* 417 F.2d 218, 219 (5th Cir. 1969), *cert. denied,* 397 U.S. 1014, 90 S.Ct. 1246, 25 L.Ed.2d 427 (1970):

"The Court's opinion in *Milanovich* is less than precise, and allows differing interpretations of the exact holding. One interpretation is that *Milanovich* holds that paragraph two of section 641 is uniformly inapplicable to the person who stole the Government property in question . .. A second interpretation of *Milanovich,* and we think the correct one, is that a person cannot be convicted and punished for both stealing Government property and for receiving the same property. The holding probably includes concealing and retaining the stolen property."

The second view was also followed in *United States v. Sharpe,* 452 F.2d 1117 (1st Cir. 1971); *Altom v. United States,* 454 F.2d 289, 295 (7th Cir. 1971), *cert. denied,* 406 U.S. 917, 92 S.Ct. 1765, 32 L.Ed.2d 116 (1972), and *Ortiz v. United States,* 351 F.2d 933 (10th Cir. 1965). The first approach was adopted in *United States v. Sellers,* 520 F.2d 1281 (4th Cir.), *remanded,* 424 U.S. 961, 96 S.Ct. 1453, 47 L.Ed.2d 728 (1976), *modified on remand,* 547 F.2d 785 (1976) and in *Phillips v. United States,* 518 F.2d 108 (4th Cir.) (en banc), *remanded,* 424 U.S. 961, 96 S.Ct. 1453, 47 L.Ed.2d 728 (1976), and *United States v. White,* 440 F.2d 978 (5th Cir.), *cert. denied,* 404 U.S. 839, 92 S.Ct. 129, 30 L.Ed.2d 72 (1971) (dictum).

Recognizing the difficulties engendered by *Milanovich,* the Supreme Court clarified the situation in *United States v. Gaddis,* 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976). In that case, 18 U.S.C. § 2113[2] was under scrutiny, rather than § 641. The

---

**2.** § 2113. *Bank robbery and incidental crimes*

(a) Whoever, by force and violence, or by intimidation takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, manage-

ment, or possession of, any bank, or any savings and loan association; or

Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in such savings

difference between the statutes, however, has no significance insofar as the explication of *Milanovich* is concerned.

In *Gaddis* the trial judge had failed to charge the jury that if they found the defendant guilty on the robbery count, he could not be convicted on the possession count. The Court held that a new trial was not necessary since no evidence showed actual possession other than asportation during the robbery and, therefore, dismissal of that count was the proper disposition. *Gaddis* reaffirmed *Heflin v. United States, supra,* but stated there would be no impropriety for a grand jury to return counts of both robbery and receipt where there was evidence of participation in the theft as well as knowing receipt. At trial in such a case, the jurors would be instructed that they should consider the receipt charge only if they first found insufficient proof of the defendant's participation in the robbery. To that extent, the opinion was simply a reiteration of *Heflin* and *Milanovich.* However, in a footnote following immediately thereafter, the Court said:

> "If, on the other hand, the indictment or information charges only a violation of § 2113(c) [the receiving and possessing subpart], it is incumbent upon the prosecution at trial to prove beyond a reasonable doubt *only* the elements of that offense, and the *identity of the participant* or participants *in the robbery* or theft *is*

*irrelevant* to the issue of the defendant's guilt. While a mechanistic reading of *Heflin*'s language might not wholly support this rule, it is to be remembered that *Heflin* ultimately *held no more than that a person could not be convicted and separately sentenced* under § 2113(a), (b), or (d) *and* under § 2113(c) because § 2113(c) could not be used to 'pyramid penalties.' 358 U.S., at 419 [79 S.Ct. (451), at 453–454]. *Heflin* did not purport to, and did not, add to or alter the statutory elements of the offense under § 2113(c)." 424 U.S., at 550–551, 96 S.Ct., at 1027. (emphasis supplied)

As we read the footnote, the Court approved the second interpretation of *Milanovich* discussed in *United States v. Minchew, supra.* Therefore, in a case where only possession is charged, whether the defendant has committed the larceny is not the determinative fact—rather, it is whether he has been convicted of that crime.[3] The underlying premise of the prohibition is penological—preventing pyramiding of punishment—not a philosophical dissection of the criminal activity itself.

The Court cautioned against a "mechanistic" reading of *Heflin,* stating that the identity of the robber is irrelevant and that the statutory elements of the crime remain unaltered. The second paragraph of § 641 requires for conviction:

1. receipt, possession, or concealment of,

and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—
   Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.
   (b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both; or
   Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, or any savings and loan association, shall be fined not

more than $1,000 or imprisoned not more than one year, or both.
   (c) Whoever receives, possesses, conceals, stores, barters, sells, or disposes of, any property or money or other thing of value knowing the same to have been taken from a bank, or a savings and loan association, in violation of subsection (b) of this section shall be subject to the punishment provided by said subsection (b) for the taker.
   (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

3. Thus, a conviction on a possession charge would be a bar to a subsequent prosecution for theft of the same goods.

2. stolen government property, with

3. intent to convert, and

4. knowledge that it is stolen.

It does not state that the theft must have been by someone other than the accused. Therefore, that "requirement" is not a statutory element. It follows that the thief's identity does not affect the offense—it is, as the Supreme Court said, "irrelevant."

We conclude that, based upon the Court's opinion in *Gaddis,* the conviction here for receipt and possession of stolen goods must be affirmed.[4]

We have examined the legislative history of § 641 and find it inconclusive.[5] The statute enacted in 1875, Act of March 3, 1875, ch. 144, § 2, 18 Stat. 479, provided, in part, that possession of goods which had been "stolen, or purloined from the United States by any other person" was an offense. In 1909, the statute was amended in part by deleting "from the United States" but retaining "by any other person." Act of March 4, 1909, ch. 321, § 48, 35 Stat. 1098, 18 U.S.C. § 101. *See* 42 Cong.Rec. 785–787 (1908).

When the current provision was adopted in 1948, the phrase "by any other person" was deleted. Arguably, this revision evidences congressional intent to broaden the offense of receipt of stolen goods, but the legislative history is silent on the point. Rather than engage in the thrust and parry of statutory interpretation canons, *see* Llewellyn, Remarks on the Theory of Appellate Decision and the Rules or Canons About How Statutes Are to Be Construed, 3 Vand.L.Rev. 395, 401–05 (1950), reprinted in R. Aldisert, The Judicial Process 180 (1976), we choose to rely upon the *Gaddis* opinion.

The judgment of the district court will be affirmed.

JAMES HUNTER, III, Circuit Judge (dissenting):

I am unable to agree with the majority's holding that a criminal defendant indicted only for receiving stolen property may be legitimately convicted of that offense when the conviction is bottomed on a finding that the defendant was in fact the thief.

The *Gaddis* footnote, *United States v. Gaddis,* 424 U.S. 544, 550 n.15, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976), relied upon by the majority must be analyzed in its context. In the body of the opinion the Court addressed a problem of sequence: when a defendant has been indicted for both theft and receiving, the jury can be charged on both but cannot convict on both, *see Milanovich v. United States,* 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961), so the jury should be told which charge to consider first. Justice Stewart describes the manner in which the jury is to proceed; they are first to consider the theft charge; if they are satisfied that defendant was in fact the thief they stop there and convict only for theft. If, on the other hand, they are not convinced beyond a reasonable doubt that the defendant was guilty of theft, they go on to consider the receiving charge. In this way the jury will avoid returning convictions under both counts. The footnote, 424 U.S. at 550 n.15, 96 S.Ct. 1023, merely points out that if a defendant is not charged with both theft and receiving but only with receiving then of course the jury need not go through the above two-step process of considering

---

**4.** It is significant that when the Supreme Court vacated the judgment in *Phillips v. United States, supra,* it did so with directions for further consideration in light of *Gaddis.* In *Phillips* the Fourth Circuit had applied the interpretation of *Heflin* and *Milanovich* which we have rejected here.

We are aware of the decision in *United States v. Tyler,* 466 F.2d 920 (9th Cir.), *cert. denied,* 409 U.S. 1045, 93 S.Ct. 544, 34 L.Ed.2d 497 (1972), where the Court of Appeals, in distinguishing between receipt and possession of stolen goods, allowed convictions for both

larceny and possession to stand. While the holding in that case may be correct we need not rely upon it in view of the later *Gaddis* opinion.

**5.** In *Morissette v. United States,* 342 U.S. 246, 269 n.28, 72 S.Ct. 240, 253, 96 L.Ed. 288, the Court said: "The history of § 641 demonstrates that it was to apply to acts which constituted larceny or embezzlement at common law and also acts which shade into those crimes but which, most strictly considered, might not be found to fit their fixed definitions."

first the theft charge and then, if doubtful of theft, the receiving charge. If there is just a receiving charge, the jury may consider only that charge. In terms of the receiving crime, the jury need not decide who the thieves were because their identity is "irrelevant" to a conviction for receiving.

The majority seizes upon the word "irrelevant" to buttress what to me is a startling conclusion—that a jury presented with someone who has been indicted not for theft but only for receiving could nevertheless be convicted of receiving based on the jury's absolute persuasion that the defendant was in fact the thief.[1] If this were so, the theft charge would become superfluous in all cases. It would be impossible to imagine a thief who was not also guilty of receiving, concealing or retaining stolen property. By exercising any dominion and control over the object of the theft the thief conceals or retains that property.[2]

I must emphasize that we are dealing not with an alleged thief or a mere accessory but with a person whom the trial court has *found* to be guilty of theft (although not charged with theft). Indeed, this case would be much less troublesome if the trial court had said that Trzcinski was a mere accessory to the theft, or that he *seemed* to be guilty of theft. *See, e. g.,* 2 R. Anderson, *Wharton's Criminal Law and Procedure* § 576 (1957) (offense of receiving stolen goods may be committed by anyone except the principal thief). Then we would not be faced with the majority's awkward and in my view incorrect holding. But the trial court did not differentiate at all among the three participants in the theft. The judge was obviously troubled:

> We could not have found that the defendants, beyond a reasonable doubt, exercised dominion over the vehicle if we had

not first concluded that the defendants had stolen the truck. . . .

> . . . [T]he form of the government's proof forces the court to confront the fact that it has convicted a person for receipt of stolen goods because it has found that he stole those same goods.

> . . . Although we do not understand why the defendants were not indicted both for theft and for receipt, we think that the congressional intent to reach a new group of wrongdoers is not inconsistent with convicting thieves under § 641 [for receiving], so long as they are not convicted for theft of the same goods . . . .. Because the defendants were already on notice that their conduct was illegal, there is no reason not to enforce the statute in this case.

Appendix at A–8 to A–9.

Here the trial court found that the defendants were in fact the thieves. If defendants had been indicted for both theft and receiving, the court would have stopped there, finding defendants guilty of theft. The Supreme Court has not dealt with the issue before us: whether a defendant "found" to be the thief can be convicted for receiving that property.

The *Heflin* line of cases has dealt with the issue of convictions for both theft and receiving. See *Heflin v. United States,* 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959); *Milanovich v. United States,* 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961); and *United States v. Gaddis,* 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976). In our case, however, there is no possibility of a pyramiding of penalties or of double convictions. We are faced simply with a wrongdoer who has been convicted of the "wrong" offense. That he received only one conviction is odd solace.[3]

---

**1.** In the case *sub judice* there was in fact no jury; the judge acted as fact-finder.

**2.** The statute, 18 U.S.C. § 641 (reprinted in opinion of majority, *supra* at n.1) speaks of "[w]hoever receives, conceals, or retains . . . .." Because the disjunctive is used, the majority is able to avoid saying that a thief can receive from itself, even though we have held

that "[t]his is a distinction without a difference." *United States v. Roach,* 321 F.2d 1 (3d Cir. 1963).

**3.** The trial court's statement that "defendants were already on notice that their conduct was illegal" is certainly no justification for convicting them of the incorrect offense.

The majority admits that "traditionally" theft and receiving have been separate crimes. *See e. g., Ing. v. United States,* 278 F.2d 362, 366 (9th Cir. 1960); *State v. Silva,* 110 R.I. 290, 292 A.2d 228 (1972); 2 R. Anderson, *Wharton's Criminal Law and Procedure* § 576 (1957). And, although the legislative history thrust is made, the majority rightly blocks my parry, and I will not dwell on the congressional silence that accompanied the 1948 deletion of "by any other person."

The majority instead relies on the case law, saying that *Milanovich, supra,* spawned "two views," summarized in *United States v. Minchew,* 417 F.2d 218, 219 (5th Cir. 1969), *cert. denied,* 397 U.S. 1014, 90 S.Ct. 1246, 25 L.Ed.2d 427 (1970) as: 1) "that paragraph two of section 641 [the receiving offense] is uniformly inapplicable to the person who stole the Government property in question," and 2) "that a person cannot be convicted and punished for both . . . ." *Id.* Giving us a choice between those two views, the majority here concludes that the *Gaddis* Court "approved" the second view, in its footnote 15.

I, too, fully approve of the second view but I do not think that answers the issue before us. I am not sure that the first view 1) has been clearly stated or understood, or 2) is inconsistent with the second view in any event. The majority says the first view was adopted in three cases, *United States v. Sellers,* 520 F.2d 1281 (4th Cir. 1975) *modified on remand,* 547 F.2d 785 (1976); *Phillips v. United States,* 518 F.2d 108 (4th Cir. 1975) (en banc), *remanded,* 424 U.S. 961, 96 S.Ct. 1453, 47 L.Ed.2d 728, *modified on remand,* 538 F.2d 586 (4th Cir. 1976); and *United States v. White,* 440 F.2d 978 (5th Cir.), *cert. denied,* 404 U.S. 839, 92 S.Ct. 129, 30 L.Ed.2d 72 (1971) (dictum). I shall consider *White* first; of the three, it alone did not have the benefit of *Gaddis.*

In *White, supra,* the defendant was convicted of burglary and larceny relating to the same course of conduct. The Fifth Circuit held that defendant had been convicted for overlapping offenses and distinguished that from its view of *Milanovich,*

*supra.* In its view, receipt was "inherently inconsistent" with theft:

The Supreme Court in *Milanovich* found that robbery and receiving are separate, distinct, and incompatible offenses; a single defendant cannot at once take and receive the same stolen money. The two crimes contemplate separate individuals performing entirely different roles.

*White,* 440 F.2d at 982. The court referred to cases from two other circuits, *Fuller v. United States,* 132 U.S.App.D.C. 264, 407 F.2d 1199, 1223 (1968) (en banc), *cert. denied,* 393 U.S. 1120, 89 S.Ct. 999, 22 L.Ed.2d 125 (1969) (dicta); and *McMillen v. United States,* 386 F.2d 29, 37 (1st Cir. 1967) *cert. denied,* 390 U.S. 1031, 88 S.Ct. 1424, 20 L.Ed.2d 288 (1968) (dicta). The *Fuller* court, *en banc,* discussed the circumstances under which the jury could not convict of two distinct offenses arising out of the same factual situation:

A familiar example of inconsistency is that of the common law offenses of larceny and receiving stolen goods. At common law a defendant could not be convicted at the same time for both larceny and receiving, because an element of the crime of receiving is that the goods be "received" from another person after they are stolen. A thief cannot receive from himself. This inconsistency precluded verdicts of guilty as to both offenses, and this bar was maintained when essentially these same offenses have been statutorily defined.

407 F.2d at 1223. (footnote omitted). Likewise, the *McMillen* court was giving an example of crimes that would be inherently inconsistent, when it referred to *Milanovich* "where a defendant was sentenced for both larceny of government property and receiving the same property. One cannot at once take and receive the same thing." 386 F.2d at 37.

I now turn to the two cases that were remanded by the Supreme Court, *Sellers, supra,* and *Phillips, supra* (remanded specifically to consider *Gaddis* ). *Sellers* was a rather simple case: the defendant had been convicted of both theft and possession; on

remand, the Fourth Circuit held it error to have considered the possession charge after a finding of guilt for the theft, citing *Gaddis*. The court did not alter its original statement that "[the receiving section] was not enacted to enhance the punishment for one who robs a bank but only to provide punishment for a separate and distinct class, those who receive the loot from the robber." 520 F.2d at 1286.

The *Phillips* court has now modified its opinion in light of *Gaddis*, so we can face the significance of its remand by the Supreme Court. The Fourth Circuit (en banc) (per curiam) changed its reversal of the trial court's conviction to an affirmance with *no* discussion (Winter, J. dissenting). The reasoning given in its first rehearing is nearly impossible to pigeonhole, or ascribe to the "first view" of *Milanovich* : although a majority (*en banc*) did vote to reverse the conviction, the court was badly fragmented as to theory. At issue was the admissibility during a "receiving" trial of evidence from the prior "theft" trial in which the defendant had been acquitted. In light of the number of conflicting theories offered for the original en banc reversal, we are unable to appreciate the "significance" of the court's unexplained modification on rehearing.

The Sixth Circuit has also had occasion to consider *Gaddis*, in *United States v. Solimine*, 536 F.2d 703 (6th Cir. 1976). There two defendants were convicted of theft and receipt of the same goods under 18 U.S.C. § 659. The court understood *Gaddis* to mandate a reversal of the possession conviction. Throughout its opinion the *Solimine* court relies on an underlying premise that a "receiving" charge is directed at an entirely separate group of wrongdoers than is a "theft" charge:

> In *United States v. Gaddis,* the Supreme Court held that where there is

insufficient evidence to convict the robber of possession, because the possession offense applies to those who have received the proceeds "from the robber" and not to the robber himself, the trial court should dismiss the possession count against the robber. . . .

> The same reasoning is applicable to [defendant's] convictions. We have held that the receipt and possession provision of section 659 is not directed to the thief, but to those who receive the stolen goods from the thief.

536 F.2d at 711.

In my view, much of the confusion about these cases comes from a failure to define "thief." In all the above cases, the courts were using "thief" to mean someone *convicted* of theft, not a "thief-in-fact."[4] The *Heflin* line, including *Gaddis*, provides simply that one *convicted* of theft cannot also be convicted of receiving. To decide the issue before us, we need to refer to cases where the defendant has been charged only with receiving. The *Gaddis* footnote tells us only that then the jury is excused from the two-step process of considering first the evidence on theft and then, if unpersuaded as to guilt of theft, the evidence on the receiving charge—the jury may only consider evidence relating to receiving.[5]

Our case is unusual: the judge, sitting as the trier of fact, not only considered evidence relating to the identity of the thieves, he candidly based a conviction for receiving on his finding that defendants were the thieves, an issue that is admittedly "irrelevant" in the sense that it is *not* an element of the crime, but is not irrelevant *once proven* :

> [C]onviction for receiving, concealing and retaining stolen goods in violation of 18 U.S.C. § 641 would require proof of something other than participation in the theft

---

4. A thief-in-fact defendant can obviously be found "not guilty" of theft, and then properly be convicted for receiving.

5. There have been cases where the court considered whether in a receiving trial the jury *must* first determine who the actual thieves were. *See, e. g., Alton v. United States,* 454

F.2d 289 (7th Cir. 1971), *cert. denied,* 406 U.S. 917, 92 S.Ct. 1765, 32 L.Ed.2d 116 (1972) (holding "no"); *Ortiz v. United States,* 351 F.2d 933 (10th Cir. 1965) (defendant, not Government, attempted to introduce evidence of theft in his receiving trial; jury's conviction affirmed).

—indeed, proof of that would be fatal to a conviction for receiving. *United States v. Kramer,* 289 F.2d 909, 913 (2d Cir. 1961) (per Friendly, J.). So, while I do agree with the majority that "in a case where only possession is charged, whether the defendant has committed the larceny is not the determinative fact," I cannot approve a conviction for receiving stolen property when the judge admits that it is based on his clear finding that defendants were the thieves. I must respectfully dissent.

## SUR PETITION FOR REHEARING

Before SEITZ, Chief Judge, and VAN DUSEN, ALDISERT, ADAMS, GIBBONS, ROSENN, HUNTER, WEIS and GARTH, Circuit Judges.

The petition for rehearing filed by Appellant in the above entitled case having been submitted to the judges who participated in the decision of this court and to all the other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court in banc, the petition for rehearing is denied.

SEITZ, Chief Judge, and ADAMS and JAMES HUNTER, III, Circuit Judges, would grant the Petition for rehearing.

ADAMS, Circuit Judge, dissenting sur denial of petition for rehearing:

I respectfully dissent from the order denying rehearing in this case because I believe that the appellant has tendered issues which merit the attention of the full Court.

First, rehearing would seem to be appropriate because this case requires a construction of an intricate provision of the federal criminal code, 18 U.S.C. § 641. Any interpretation of that crucial statute, which is

rendered by this Court, surely will bear on the course of its nation-wide enforcement by federal authorities.

Second, the reliance of the panel majority on *Milanovich v. United States*[1] and *United States v. Gaddis*[2]—the cases upon which their opinion hinges—would appear to be misplaced. As I read *Milanovich*, it is addressed essentially to the problem of "pyramiding"—that is, whether a defendant simultaneously may be convicted of and punished for (a) theft of government property and (b) receipt of the same stolen property. Similarly, *Gaddis* speaks to the problem of double convictions and double punishment, though that decision really turned on an absence of evidence that the defendants had received the proceeds of a bank robbery. By contrast, the present case raises the equally vexing but different issue whether a defendant indicted only for receipt of stolen government property may be convicted of that offense when the finder of fact has made a specific determination that the defendant stole the property in the first instance.

More significantly, receipt of stolen goods traditionally has been a crime distinct from the theft of those goods. Neither the language of § 641 nor its legislative history suggests any intention to diverge from this elemental legal principle. Consequently, it is at least questionable whether Congress contemplated that the portion of § 641 dealing with the receipt of stolen government property would apply to a defendant who, in fact, stole the property. Rather, it would appear that the purpose of the "receipt" provision in the statute is to reach those individuals who, while not committing the actual theft of the government property, reaped some of the benefit of that crime. Such persons would include not only the "fence" but also any other recipient of the illegal booty.

The opinion of the panel majority would authorize the prosecution to proceed under either the "theft" or "receipt" clauses of

1. 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed. 2d 773 (1961).

2. 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976).

§ 641 against a person who allegedly stole United States property. The effect of such a ruling may be to alter the natural equilibrium of the criminal process, skewing the scales of justice against the defendant without a Congressional mandate to do so. Indeed, it is my understanding that the government indicated, at oral argument in the present appeal, that it had employed a "receipt" theory largely because of a concern that it could not obtain a conviction on a theft charge. I have some doubt whether such prosecutorial maneuvering was intended by the drafters of § 641, and that doubt is heightened by a silent legislative history.[3] Moreover, to sanction such a procedure would be to attribute to Congress an act of redundancy in its statutory design. For if the statutory provision penalizing receipt of stolen government property encompasses the initial theft of the property, then that portion of § 641 proscribing the theft may well be superfluous.

Accordingly, rehearing en banc would appear to be warranted so that the important questions raised by the present appeal may be afforded definitive consideration.

SEITZ, Chief Judge, and JAMES HUNTER, III, Circuit Judge, join in this opinion.

---

**3.** Had the prosecution followed the procedure outlined in *Gaddis*, a case involving a situation somewhat similar to the one at hand, some of the concerns expressed here would have been ameliorated. Writing for the *Gaddis* majority, Justice Stewart suggested that the prosecution ought to move against the alleged culprit with a two-count indictment, the first count setting forth raising the robbery charge and the second, the receipt allegation. After the evidence has been proffered, the fact finder should first consider the question of guilt as to the robbery. If the evidence of such guilt is sufficient for conviction, then that is the end of the case. But if the evidence concerning the robbery count proves insufficient, then and only then should the receipt count be considered. 424 U.S. at 550, 96 S.Ct. 1023.