Jerry Don RHEA, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–24.

Court of Criminal Appeals of Oklahoma.

Oct. 27, 1977.

Clarke L. Randall, Appellant Public Defender, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., Kay Karen Kennedy, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Jerry Don Rhea, hereinafter referred to as defendant, was charged in the District Court, Tulsa County, Case No. CRF–76–684, with the offense of Robbery With Firearms, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 801. He was tried by a jury, convicted and sentenced to a term of ten (10) years in the State penitentiary. From said judgment and sentence the defendant has perfected a timely appeal to this Court.

Briefly stated, the facts adduced at trial are as follows. On the 19th of January, 1976, at approximately 6:00 p. m., Emmanual Hare, owner of the Yale Drugstore and W. M. Anderson, an employee, were working when three men, one of whom was positively identified by Mr. Hare and Mr. Anderson to be the defendant, entered the Yale Drugstore. Various narcotics and money from the cash register were taken at gunpoint after which the defendant and his accomplices made good their escape.

The defendant presented alibi testimony, contending that he was shopping at the time the robbery occurred.

The defendant's sole assignment of error is that the trial court erred in denying his motion to limit inquiry by the State into three 1959 convictions suffered by the defendant prior to his eighteenth birthday. The defendant contends that rulings by this Court and by the Tenth Circuit Court of Appeals holding that 10 O.S.1971, § 1101(a), was unconstitutional should be applied retroactively, and therefore unconstitutionally obtained convictions were used against the defendant for purposes of impeachment.

However, we note that it was the defendant's counsel who, in his direct examination of the defendant, brought out the defendant's three prior convictions in question. We further note that the prosecutor made no comment regarding said convictions. While the trial court did deny the defendant's motion, filed instanter before the presentation of the defendant's testimony that the State not be allowed to inquire into the 1959 convictions we feel that any error the trial court might have made was waived by the defendant when he alone brought the objectionable evidence to the jury's attention. See, *Ortiz v. United States,* 351 F.2d 933 (10th Cir. 1965). Also see, *Landon v. State,* 82 Okl.Cr. 336, 166 P.2d 781 (1946). While it might be argued that said convictions would have otherwise been adduced for impeachment by the prosecution, it is our opinion that to properly preserve the error, the defendant should have let the prosecutor bear the burden of attempting to put on said evidence, if so desired, and then any error of the trial court could have been preserved by timely objection.

Furthermore, while any prejudice which might have actually been suffered by the defendant was, in fact, a result of his own device, even if we were to assume that the error was properly preserved it was invited error. In view of the overwhelming evidence adduced against the defendant in the form of positive identifications by two eyewitnesses, we find as did the Supreme Court in *Schneble v. Florida,* 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972), that the minds of an average jury would not have found the State's case significantly less persuasive had the testimony been excluded. Also see, 20 O.S.1971, § 3001. Therefore we find the defendant's assignment of error to be without merit.

For the above and foregoing reasons, the judgment and sentence of the trial court is, hereby, *AFFIRMED.*

BUSSEY, P. J., and CORNISH, J., concur.