UNITED STATES of America, Appellee,

v.

Willie Foster SELLERS, Appellant.

UNITED STATES of America, Appellee,

v.

Willie Foster SELLERS, Appellant.

Nos. 76–2247, 76–2364.

United States Court of Appeals,
Fourth Circuit.

May 16, 1980.

Phillip A. Roberts, Jr., Chesterfield, Va., for appellant.

Thomas P. Simpson, Asst. U. S. Atty., Columbia, S. C., for appellee.

Before BRYAN, Senior Circuit Judge, and WINTER and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge.

Upon consideration of the motion to reinstate the appeal of Willie Foster Sellers and the response of the United States, it is ADJUDGED and ORDERED that the appeal is reinstated.

The court notes the representation of the government concerning its difficulty in preparing a brief in this appeal. Therefore, upon filing of the appellant's brief if the government be so advised the court will consider a motion for summary affirmance and the government may defer filing its brief until the court has ruled on this motion. *See United States v. Hacker*, 578 F.2d 1379 (4th Cir. 1978).

Upon consideration of the appeal the court will address the representation of the United States Attorney concerning the prejudice to which the government would be subjected if retrial would otherwise be appropriate.

The clerk is directed to present the appeal to this panel of this court.

Entered with the concurrence of Judge Winter.

ALBERT V. BRYAN, Senior Circuit Judge, dissenting:

Willie Foster Sellers, a recaptured felon-convict-escapee from a Federal prison, seeks reinstatement of the appeals from his convictions. The Government opposes the motion. I think it should be denied and denied peremptorily.

There is no factual disagreement. His record follows. On April 18, 1974, the United States District Court for Western North Carolina sentenced him to 20 years imprisonment for bank robbery, 18 U.S.C. § 2113(a), (b) (1970). In the same court, he was convicted of assault with a dangerous weapon during a bank robbery, *id.* § 2113(d) (1970); bank robbery by force, *id.* § 2113(a); stealing and carrying away money during a bank robbery, *id.* § 2113(b); and possessing money received in the bank robbery, *id.* § 2113(c) (1970).* For these crimes, Sellers, on May 9, 1974, received another sentence for 20 years in prison to be served consecutively to the prior one. A further conviction that year was for possession of a firearm not registered to Sellers, 26 U.S.C. §§ 5861(d), 5871 (1968), for which he was sentenced on May 14, 1974, to 10 years, to be served concurrently with the May 9, 1974, sentence. In 1976, the Federal District Court for South Carolina sentenced him on two bank robbery convictions, 18 U.S.C. § 2113(d), ordering the maximum period of incarceration for each. The two 25-year sentences, passed on September 8, 1976, and October 14, 1976, were ordered to be served concurrently, but were fixed to run consecutively to the Federal sentences previously imposed.

Shortly after the last conviction in 1976, Sellers escaped from the Fulton County Jail in Atlanta, Georgia. The getaway was effected on March 17, 1977, with the aid of a fellow prisoner who used an acetylene torch to cut the bars on the cell of Sellers, and handed the instrument to him to sever the remaining bars. Until his re-arrest on June 21, 1979, in Atlanta, he was listed as a fugitive on the F.B.I.'s Ten Most Wanted List.

Sellers had perfected his appeals to this court after the 1976 convictions. However, on March 29, 1977, these appeals were dismissed because of Seller's escape from Federal custody. The dismissal order granted "leave to the appellant to move for reinstatement of said appeal at a future date *for good cause shown.*" (Accent added.)

In my judgment he pleads none. Indeed, his essay merely trifles with the time and respect of the Court. His account of events preceding his prison breach began with an instance of discipline in the United States Penitentiary, Atlanta, Georgia; he was placed "in segregation for possession of a book" in November of 1976. He was, however, relieved therefrom in January 1977, when he was transferred to the United States Penitentiary, Marion, Illinois. While he was at Marion, he found it a hardship for his wife and four children, living in Georgia, to visit him. In January 1977, he was brought to the county jail in Atlanta on *habeas corpus ad testificandum* to testify in Georgia. He relates that he had been a diabetic for more than seven years and found the living conditions and medical treatment at the county jail inadequate. Thereupon, pending his return to Marion, an opportunity to escape opened on March 17, 1977, and "I could not resist."

Mainly, Sellers' plea for reinstatement of his appeal is hinged on the success of his co-convicts. One of these, Hoyt Powell, a co-defendant in the September 1976 trial, was allowed to appeal after his escape and capture in November 1978. Also, another co-defendant in the October 14, 1976, conviction, Larry Hacker, escaped. After his re-arrest in April 1977, and pending reinstatement of his appeal, he escaped again, and this court allowed reinstatement after his recapture.

To my mind, we are forging dangerous precedent in looking again at our disposition of Sellers' appeal. It builds into our jurisprudence an endlessness in a criminal conviction. Seeking succor of the Court presently is not a misdemeanant, nor a one-time felon. He is recidivist of crimes, jeopardizing the lives of persons on the streets and in public places. Even in custody, he was a prisoner requiring segregation and later transfer to a United States Penitentiary. To accord him attention now, for appeals he studiedly forfeited, is to create

* The conviction for possession of stolen money was reversed, but the other convictions were affirmed. *United States v. Sellers*, 547 F.2d 785 (4th Cir. 1976).

among criminals a creed of "escape now and appeal if caught." Regardless of what opportunities may have been extended in the past to such as Sellers' co-defendants, I think the time is at hand to safeguard the public against the repeatedly criminally-proven menaces to the lives of peaceful men, women and children.

The Supreme Court spoke emphatically to the point in *Estelle v. Dorrough,* 420 U.S. 534, 537, 95 S.Ct. 1173, 1175, 43 L.Ed.2d 377 (1975):

> Disposition by dismissal of pending appeals of escaped prisoners is a longstanding and established principle of American law. 18 Geo.Wash.L.Rev. 427, 429 (1950). This Court itself has long followed the practice of declining to review the convictions of escaped criminal defendants. [Citations omitted.] Thus in *Molinaro v. New Jersey,* 396 U.S. 365 [90 S.Ct. 498, 24 L.Ed.2d 586] (1970), we dismissed the appeal of an escaped criminal defendant, stating that no persuasive reason exists to adjudicate the merits of such a case and that an escape "disentitles the defendant to call upon the resources of the Court for determination of his claims." *Id.,* at 366 [90 S.Ct. at 499].

As the Government observes in pursuing its position, in even less strong circumstances than those found presently, the prayer for reinstatement was refused in *United States v. Smith,* 544 F.2d 832, 834 (5th Cir. 1977):

> This petitioner, as well as others who are similarly situated, ought to have been given the right to appeal his conviction. He was, in fact, given an opportunity to pursue his appeal as fully as the procedures of this Court allow. Having been given that right, the petitioner also has the right to abandon his appeal, which he did by his own action. *Allen v. Georgia,* 166 U.S. 138, 141, 17 S.Ct. 525, 41 L.Ed. 949 (1897). Since the reinstatement of an abandoned appeal is an extraordinary request, it is no penal act when we decline to grant this petitioner a privilege not available to other litigants.

With sincere regret, indeed, do I oppose my brethren even in the accession they make to Sellers.