**UNITED STATES of America, Appellee,**

**v.**

**Willie Foster SELLERS, Appellant.**

**Nos. 76–2247, 76–2364.**

United States Court of Appeals,
Fourth Circuit.

Submitted July 2, 1981.

Decided Sept. 1, 1981.

Dennis W. Dohnal, Mark D. Mariner, Richmond, Va. (court-appointed), on brief for appellant.

Donald A. Harper, Asst. U. S. Atty., Greenville, S. C., on brief for appellant in No. 76–2247.

Thomas P. Simpson, Asst. U. S. Atty., Columbia, S. C., on brief for appellant in No. 76–2364.

Before WINTER, Chief Judge, BRYAN, Senior Circuit Judge, and BUTZNER, Circuit Judge.

PER CURIAM:

Having reinstated Sellers' appeal,* the court considers the government's motion for summary affirmance of the district courts' convictions of the appellant. We grant the government's motion and affirm the judgments.

In 1976, Sellers was convicted in separate trials of two violations of 18 U.S.C. § 2113(d) for the armed robbery of the White Horse Branch of the South Carolina National Bank and the Six Mile Branch of Banker's Trust of South Carolina. Sellers argues that he was denied fair trials for several reasons. We find each of his arguments to be without merit.

 Sellers first argues that the trial court's refusal to grant his motion for continuance constituted an abuse of discretion. A request for a continuance is a matter within the discretion of the trial court.

* See United States v. Sellers, 621 F.2d 101 (4th Cir. 1980).

Avery v. Alabama, 308 U.S. 444, 446, 60 S.Ct. 321, 322, 84 L.Ed. 377 (1940). Only when a court's refusal to grant a motion for a continuance can be deemed arbitrary and fundamentally unfair will such a refusal be deemed an abuse of discretion. Shirley v. North Carolina, 528 F.2d 819, 822 (4th Cir. 1975). No such abuse occurred in this case.

Sellers became aware of the general nature of the charges brought against him on June 3, 1976. The trial involving the White Horse Branch robbery was held on August 9, 1976. The trial involving the Six Mile Branch was not held until September 27, 1976. Given the nature of these cases, Sellers had sufficient time to engage in meaningful preparation for trial. See, e. g., United States v. Schwanke, 598 F.2d 575, 579–80 (10th Cir. 1979). The fact that Sellers elected to proceed without the aid of counsel does not preclude this conclusion. Sellers had several months to prepare for these trials. The amendment of the indictments 7 days before the trial did not materially alter the charges initially brought against him. While the prison restrictions and conditions imposed on Sellers may have made preparation for trial difficult, we cannot say that they made the granting of a continuance essential to a fair trial.

Sellers' second argument concerns the failure of the district court in the White Horse Branch proceedings to grant his motion for severance. Like requests for a continuance, requests for separate trials are within the discretion of the trial court. United States v. Becker, 585 F.2d 703, 706 (4th Cir. 1978). A denial of a requested severance will be reversed on appeal only where denial precluded a fair trial. United States v. Karas, 624 F.2d 500, 504 (4th Cir. 1980).

In the instant case, Sellers asserts that antagonistic defenses of his co-defendants precluded a fair trial and warranted his severance from their trial. Sellers presented a witness who claimed that he, not Sellers or his co-defendants, had committed the White Horse Branch robbery. Sellers' co-

defendants impeached this witness' credibility and, through their cross-examination and defense testimony of their own witnesses, disclosed that Sellers previously had been in prison.

We note initially that this court held that Sellers' co-defendants were not prejudiced by Sellers' inclusion in their trial. *United States v. McGuire*, No. 76–2248 (4th Cir., July 31, 1978) (unpublished). While not absolutely determinative as to the prejudice suffered by Sellers, this decision does lend support for the conclusion that the district court did not abuse its discretion in denying Sellers' motion for severance.

This conclusion is bolstered by the absence of a serious conflict at trial between Sellers and his co-defendants. To "obtain a severance on the ground of conflicting defenses it must be demonstrated that the conflict is so prejudicial that the differences are irreconcilable, 'and that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty.'" *United States v. Becker*, 585 F.2d 703, 707 (4th Cir. 1978) (quoting *United States v. Robinson*, 432 F.2d 1348, 1351 (D.C.Cir.1970)). A simple difference in trial strategy, such as occurred over the presentation of Sellers' defense witness is insufficient to require severance. *United States v. Whitehead*, 618 F.2d 523, 529 n.11 (4th Cir. 1980). The disclosures that Sellers had been jailed were casual and did not name the crime for which he had been punished. This testimony does not provide a sufficient basis for establishing the conflict necessary to require severance.

Sellers also argues that restrictions by the trial courts on the cross-examination of key prosecution witnesses constituted a deprivation of his sixth amendment right to confrontation. While the right of the accused in a criminal prosecution to cross-examine the witnesses against him is fundamental to a fair trial, *Davis v. Alaska* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), the trial court, nonetheless, must have broad discretion in determining what matters may be raised on cross-examination. *United States v. Leake*, 642 F.2d 715, 719 (4th Cir. 1981). In this case the trial courts did not abuse their discretion.

In both proceedings the courts foreclosed cross-examination designed to elicit testimony of prior bad acts and possible bias. The Federal Rules of Evidence allow trial courts leeway in determining the propriety of such questioning. Where the relevance of such questions was unclear and the risk of prejudice was real, we are unprepared to state that the trial courts abused their discretion in preventing such cross-examination. *See United States v. Conrad*, 448 F.2d 271, 274 (9th Cir. 1971). This conclusion is strengthened by the fact that Sellers was permitted to cross-examine witnesses on all non-peripheral, material aspects of the case.

Because the facts and legal arguments are adequately presented in the brief filed by Sellers' counsel, the government's motion to dismiss, and the record, we believe that the decisional process would not be significantly aided by oral argument. Finding no merit to Sellers' assignments of error, the convictions are affirmed.