811 F.2d 1505
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Roger Gomez ALSTON, Appellant.
 No. 85-5573.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 11, 1986.
Decided Feb. 4, 1987.
 
 Before WIDENER, PHILLIPS and CHAPMAN, Circuit Judges.
 Stephen Jon Cribari, Deputy Federal Public Defender (Fred Warren Bennet, Federal Public Defender; Terrence J. King, Law Clerk on brief), for appellant.
 Gregory Welsh, Assistant United States Attorney (Henry E. Hudson, United States Attorney; Todd Holliday, Student Assistant to the United States Attorney on brief), for appellee.
 PER CURIAM:
 
 
 1
 Defendant appeals his 1985 convictions for the 1983 robbery of the Consolidated Bank and Trust Company in Richmond, Virginia, and for the possession of money taken in that robbery. We agree with defendant that it was improper for the district court to convict him of both robbery and possession of stolen money. Accordingly, we vacate the possession conviction and the related sentence. We find no merit, however, in defendant's arguments that the district court improperly admitted evidence of uncharged robberies and erroneously instructed the jury that it could draw negative inferences from defendant's failure to comment on incriminating evidence while on the stand. We therefore affirm the robbery conviction.
 
 
 2
 The Consolidated Bank and Trust Company at 3009 Hull Street in Richmond, Virginia, was robbed on August 31, 1983. The robbers rejected dyepacks and bait bills and used a customer's car to reach a waiting escape vehicle. Defendant was arrested the day after that robbery while driving a car matching the description of the escape vehicle and five dollar bills taken in the robbery were found on the floorboard of the car. Defendant was released, however, without being charged with robbery.
 
 
 3
 In May 1985, authorities apprehended King Lee Minor, Jr. and charged him with the robbery of two United Virginia Banks. Minor was convicted of these robberies. In exchange for a guarantee that he would be allowed to serve his sentence in federal rather than state custody, Minor agreed to give testimony concerning the UVB bank robberies and others. Minor testified that defendant had taught him how to rob the banks so that Minor could repay gambling debts owed to defendant. Specifically, Minor testified that defendant told him what to wear, to reject dye packs and to use a customer's car to get to a car that would be waiting for him. Minor further testified that defendant had told him that "the last time he was inside a bank was in 1983" and that "Richmond authorities took him down and processed him and everything but they didn't have enough evidence to prosecute so they let him go." According to Minor, defendant said that "he did not go inside them no more. He just sets them up."
 
 
 4
 Defendant was indicted for the 1983 bank robbery on September 16, 1985. An inventory of his wallet when defendant was taken into custody produced a fifty dollar bill identified as a bait bill from the second UVB robbery. Defendant was tried before a jury in November 1985 solely for the 1983 robbery. The jury found defendant guilty of both the robbery of Consolidated Bank and Trust and of possession of funds stolen in that robbery. The district court sentenced defendant to twenty years imprisonment on the robbery count and to three years of probation, beginning after release from custody, on the possession count.
 
 II
 
 5
 Defendant asserts on appeal and we agree that the district court improperly convicted and sentenced defendant for both bank robbery under 18 U.S.C. Sec. 2113(d) and possession of the proceeds of that robbery under 18 U.S.C. Sec. 2113(c). Helfin v. United States, 358 U.S. 415 (1959); United States v. Sellers, 520 F.2d 1281, 1286 (4th Cir.1975). The appropriate remedy for this error is to vacate the conviction and sentence for possession. United States v. Gaddis, 424 U.S. 544 (1976); United States v. Sellers, 547 F.2d 785, 786 (4th Cir.1977).
 
 III
 
 6
 Defendant asserts that he is entitled to a new trial on the robbery charge because of a defective jury instruction. Although defendant testified in his own behalf at trial, he failed to deny or explain his possession of the five dollar bills found in the car when he was arrested in 1983. Defense counsel asserted in closing arguments that the jury could not draw any adverse inference from defendant's failure to offer an explanation. The judge responded to this assertion by instructing the jury that:
 
 
 7
 As I instructed you at the beginning of this case, our law, our Constitution, does not require a defendant to testify against himself. If a defendant chooses not to testify, no inference unfavorable to him can properly be drawn from his silence. But where, as here, a defendant elects to go upon the witness stand and testify, he then subjects himself to the same rules as applied to any other witness, and if he has failed to deny or to explain acts of an incriminating nature that the evidence of the prosecution tends to establish against him, such failure may not only be commented upon, but it may be considered by the jury with all of the other circumstances in reaching their conclusion as to the defendant's guilt or innocence.
 
 
 8
 The Supreme Court approved the giving of a quite similar instruction in Caminetti v. United States, 242 U.S. 470 (1917). We have upheld a similar instruction in Carpenter v. United States, 264 F.2d 565 (4th Cir.1959). Defendant acknowledges that these decisions are now controlling but asserts that they should be reconsidered in light of the Supreme Court's decisions in Miranda v. Arizona, 384 U.S. 436 (1966), and Doyle v. Ohio, 426 U.S. 610 (1976). These decisions cast doubt on Caminetti, defendant argues, because they affirm the right of a defendant to remain silent and limit the circumstances under which a witness may be impeached for silence.
 
 
 9
 Miranda and Doyle do not suggest any basis for limiting the impact of Caminetti. First, once a defendant voluntarily takes the stand to give testimony in his own defense he has waived his fifth amendment rights. Johnson v. United States, 318 U.S. 189, 195, 198 (1943); Caminetti, 242 U.S. at 494. Further, the Supreme Court has recently limited its holding in Doyle by ruling that a defendant's silence prior to arrest or after arrest but before receiving Miranda warnings may be used to impeach her. Jenkins v. Anderson, 447 U.S. 231 (1980); Fletcher v. Weir, 455 U.S. 603 (1982). In light of Jenkins and Fletcher there is no reason to believe that the Supreme Court will rely on Doyle to overrule Caminetti.
 
 
 10
 Defendant further attempts to attack the instruction because the court began the instruction by saying "where, as here, a defendant...." Throwing in the "as here," defendant claims, prejudiced him by suggesting that the jury should draw adverse inferences from his silence. This claim is frivolous. The court's statement did no more than to point out that defendant had taken the stand in his own defense. It did not imply that the court had made any judgments about defendant's testimony. The conclusion that there was no impropriety in the court's addition of the words "as here" is reinforced by the fact that the instruction was given only because of the need to correct erroneous statements made by defense counsel.
 
 IV
 
 11
 Defendant also urges that he is entitled to a new trial because the district court allowed the admission of evidence concerning (1) his statements to Minor, (2) his possession of a $50 bill taken in one of the 1985 robberies, and (3) the manner in which the 1985 robberies were committed. We find no abuse of discretion in the admission of this evidence.
 
 
 12
 Defendant's statements to Minor were properly admitted under Rule 801(d)(2)(C) as the admissions of a party opponent. The probative value of these statements clearly outweighed any resulting prejudice.
 
 
 13
 Evidence that defendant had in his possession a $50 bill taken in one of the 1985 robberies was admitted as corroborative of Minor's statement that Minor had given the proceeds of the bank robberies to defendant. Although it is questionable whether defendant's possession of proceeds from a 1985 robbery is relevant to whether defendant committed a 1983 bank robbery, it is relevant to the nature of the relationship between Minor and defendant and as a fingerprint of defendant's involvement in the 1985 crimes. While the admission of this evidence obviously raised a close question under Rule 403's requirement that probative value be weighed against prejudice, we conclude that the district court did not abuse its discretion in admitting the evidence.
 
 
 14
 Evidence of the manner in which the 1985 bank robberies had been committed was properly admitted under Rule 404(b) to show modus operandi. The district court found substantial similarities between the 1983 and 1985 crimes in the rejection of dye-packs and bait bills and particularly in the use of a customer's vehicle for the escape. This combination of similarities was sufficient to suggest a plan or common scheme in the commission of the robberies. The determination that the similarities were sufficiently compelling that the probative value of the evidence outweighed its prejudice was within the trial judge's discretion. Thus the evidence was properly admitted and no abuse of discretion occurred.
 
 
 15
 Defendant's conviction for robbery in violation of 18 U.S.C. Sec. 2113(d) is affirmed. Defendant's conviction and sentence for possession of stolen money in violation of 18 U.S.C. Sec. 2113(c) are vacated.
 
 
 16
 AFFIRMED IN PART; VACATED IN PART.