948 F.2d 1283
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tommy H. HAMILTON, Defendant-Appellant.
 No. 90-5734.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 25, 1991.
Decided Nov. 26, 1991.
As Amended Dec. 16, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, District Judge. (CR-90-62-R)
 David J. Damico, Damico & Apgar, Roanoke, Va., for appellant.
 E. Montgomery Tucker, United States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, Roanoke, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before WIDENER, SPROUSE and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Tommy H. Hamilton appeals his jury convictions for bank robbery and related offenses. Because the district court did not abuse its discretion either in admitting testimony from a witness which it had earlier determined inadmissible or in denying appellant's motion for a continuance, we affirm the convictions.
 
 
 2
 Two white males robbed a bank in Roanoke, Virginia in October 1988. Both displayed firearms and were photographed in disguise by the bank cameras. A customer in the bank provided the police with a description of the robbers, and identified Hamilton as one of the robbers in bank photographs and a line-up.
 
 
 3
 Prior to trial, the defense was provided with FBI interviews with Talbott, an unindicted co-conspirator, and Parsons, who had participated in another robbery with Talbott. Talbott stated in his interview that he, Parsons, and Hamilton had planned the Roanoke bank robbery, but decided against involving Parsons. Parsons stated in his interview that Talbott had told him about a robbery he had attempted in either Roanoke, Virginia or Roanoke, Kentucky with Hamilton. Talbott told him (Parsons) that he and Hamilton had entered the bank and were exiting with the money when the dye pack exploded, and that they had trouble starting the vehicle for their escape. Parsons did not know the name of the bank or the date of the robbery. The robbers in this case had the same difficulties Parsons described.
 
 
 4
 Minutes before trial, the prosecutor informed Hamilton that Parsons would testify that he, Talbott, and Hamilton planned a robbery of a Roanoke, Virginia bank in the late summer or early fall of 1988. The defense objected to going forward, and the court ruled that the testimony was inadmissible. That discussion and ruling occurred in chambers and was not recorded. After the attorneys had given their opening statements and the government had presented several witnesses, the prosecutor requested that the court reconsider its ruling on the Parsons testimony. The prosecution sought to introduce statements from Parsons that Talbott had told him that Hamilton was "bugging him" to take him on the Roanoke bank robbery. The defense again objected, but the court held that the testimony was admissible. The court stated that it changed its ruling because it made the prior ruling "without full knowledge of the background of how this thing developed." Parsons then testified that Hamilton had requested that Talbott permit him to participate in the Roanoke bank robbery.
 
 
 5
 Before cross-examination, defense counsel stated that Parsons may have testified in other proceedings related to the current trial; he continued that "[i]n order for me to effectively cross examine him and to determine whether or not he has made any other inconsistent statements, other than the inconsistent statement we have seen in the 302, I need to review those records." The prosecutor responded that he had not "seen any kind of transcripts." The court then stated:
 
 
 6
 You can certainly ask him here. On the sheer possibility that there might be something in the grand jury minutes that might be useful in cross examination I don't think is sufficient to continue this trial on. You can ask him right now about what he did or did not testify to.
 
 
 7
 Defense counsel then questioned the witness out of the presence of the jury concerning his testimony in other proceedings. Parsons admitted that he testified in front of a grand jury "[a]bout mine and Mr. Talbott's bank robbery, and that was it." Apparently Parsons was not referring to the Roanoke bank robbery for which Hamilton was on trial. Parsons also acknowledged that he was simultaneously interviewed by an FBI agent and a Tennessee official. The defense was provided with a summary of that interview. Parsons confirmed that was the only time he had spoken with the FBI agent and that he had not discussed Hamilton with any other law enforcement or government officials. Defense counsel then thoroughly cross-examined Parsons concerning his motivation to cooperate with the government and inconsistencies between his testimony and the FBI interview.
 
 
 8
 Hamilton argues that the court's decision to admit the Parsons testimony after it had earlier ruled it inadmissible deprived him of "fundamental fairness" at trial. He asserts that he was deprived of a fair trial by the court's action because it took place after his opening statement, which did not take Parsons into account. Though he acknowledges that he was provided with the FBI summary of Parson's interview, Appellant states that he "eliminated Parsons as a witness because he had indicated no first hand knowledge of this particular offense." Since the judge excluded Parson's testimony in its pretrial ruling, defense counsel could have reasonably believed that it would not have to refute that evidence. No matter what strategy the defense chose in dealing with Parsons as a possible witness, however, the district court did not abuse its discretion in admitting his testimony since the defense was provided with all of the information in the government's possession concerning prior statements from Parsons and since the defense was able to conduct a thorough cross-examination of him.
 
 
 9
 Moreover, even if the admission of this evidence did unfairly impact on Hamilton's presentation of his defense and constitute error, the error was harmless. Where non-constitutional error is involved, the proper test of harmlessness is whether, on appellate review, this Court can say "with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." United States v. Urbanik, 801 F.2d 692, 698 (4th Cir.1986), (quoting Kotteakos v. United States, 329 U.S. 750, 765 (1946)). In applying that test this Court must inquire whether it is "highly probable that the error did not affect the judgment." Id. at 699, (quoting United States v. Nyman, 649 F.2d 208, 212 (4th Cir.1980)). A proper assessment requires that this Court consider the "closeness of the case, the centrality of the issue affected by the error, and the steps taken to mitigate the effects of the error." Id.
 
 
 10
 If the district court's admission of the testimony contrary to its prior in camera ruling is error at all, it is harmless error under the Urbanik standard. The jury was aware that Parsons was serving a sentence for bank robbery when he testified. Defense counsel also questioned Parsons on cross-examination concerning his motivation for testifying, and Parsons admitted that he received a reduced sentence in exchange for his cooperation. A bank customer identified Hamilton as one of the robbers at trial, identified him as one of the robbers in a bank photograph taken during the robbery, and chose him from a line-up. Given this evidence against him, the full cross-examination of Parsons, and the questionable character of Parsons, it is "highly probable" that the admission of the Parsons testimony did not affect the jury's judgment. Therefore, admission of Parson's testimony was, at worst, harmless error.
 
 
 11
 Hamilton also asserts that the district court abused its discretion in denying his motion for a continuance because he was surprised by Parsons' testimony and the court's reversal of its earlier decision to exclude it and because he sought records to impeach Parsons' testimony. Only when a court's refusal to grant a motion for a continuance can be deemed arbitrary and fundamentally unfair will such a refusal be deemed an abuse of discretion. United States v. Sellers, 658 F.2d 230, 231 (4th Cir.1981). Since the defense was provided with all of the information in the government's possession concerning Parsons and since the district court gave the defense wide latitude in examining Parsons outside of the jury's presence, the district court's denial of a continuance was not arbitrary or unfair. We therefore affirm his conviction. We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.
 
 
 12
 AFFIRMED.