1 F.3d 1234
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dimidroff HALEY, a/k/a Terrance Martin, a/k/a Red,
Defendant-Appellant.
 No. 93-5076.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 16, 1993.
Decided: August 4, 1993.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-92-20-2)
 Frank Venezia, Shinaberry, Meade & Venezia, L.C., Charleston, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, J. Kirk Brandfass, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before NIEMEYER, HAMILTON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Dimidroff Haley appeals his conviction of possession of crack cocaine with intent to distribute, 21 U.S.C.A. Sec. 841 (West 1981 & Supp. 1993), and use of a firearm in a drug trafficking crime, 18 U.S.C.A. Sec. 924(c) (West Supp. 1993), and also appeals the thirty-year consecutive sentence he received on his firearms conviction. He alleges, first, that the district court erred in denying him a last-minute continuance of trial and, second, that the sentencing scheme in Sec. 924(c) lacks a rational basis. We affirm both the conviction and the sentence.
 
 
 2
 When he was arrested, Haley had possession of 8.66 grams of crack and a fully automatic weapon, technically a machinegun as defined in 26 U.S.C.A. Sec. 5845(b) (West 1989). The weapon was described as a machinegun in the indictment filed in January 1992. An agent of the Bureau of Alcohol, Tobacco and Firearms testified about the weapon at a suppression hearing in October 1992. Just before trial began in November 1992, defense counsel learned that the weapon could be fired in semi-automatic mode as well as automatic mode. On the first day of trial, Haley's attorney requested a continuance so that he could have a ballistics expert determine whether the gun was really a rifle, rather than a machinegun. The district court denied the motion as untimely. We find no abuse of discretion in this ruling, which was neither arbitrary nor fundamentally unfair. United States v. Sellers, 658 F.2d 230 (4th Cir. 1981). Counsel had ample opportunity to determine the nature of the weapon before trial, and did not seriously call into question the government's proof that Haley's firearm was a machinegun as defined in Sec. 5845(b).*
 
 
 3
 Haley contends on appeal that Sec. 924(c) violates due process because (1) it prescribes the same sentence for a defendant who uses a weapon and one who merely carries a weapon in a drug offense, (2) it does not take into account the amount of drugs involved, and (3) it irrationally imposes heavier sentences for using or carrying certain types of weapons. Because Haley did not challenge the constitutionality of the statute in the district court, only plain error review is available on appeal. United States v. Olano, 61 U.S.L.W. 4421 (U.S. 1993). Our task is thus to review, under the plain error standard, the district court's decision to impose sentence underSec. 924(c) without sua sponte finding the statute unconstitutional. We find no error. The sentences mandated by Sec. 924(c) for either using or carrying a weapon are rationally related to deterring the use of firearms in the commission of crimes, which is the purpose of the statute. See United States v. Raynor, 939 F.2d 191, 194 (4th Cir. 1991). It is not irrational to provide heavier sentences for offenses where more dangerous weapons are involved.
 
 
 4
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Section Sec. 5845(b) defines a "machinegun" as "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger." The case agent testified at a pre-trial suppression hearing that the firearm in Haley's possession was manufactured as a machinegun, capable of firing more than one round with a single pull of the trigger