12 F.3d 206
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William K. McDANIEL, a/k/ M.C. Casper, Defendant Appellant.
 No. 92-5782.
 United States Court of Appeals, Fourth Circuit.
 Nov. 30, 1993.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke.
 W.D.Va.
 Affirmed.
 Before PHILLIPS and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 William McDaniel appeals from his conviction and sentence for conspiring to transport firearms in interstate commerce illegally, in violation of 18 U.S.C. Sec. 371 (1988), and possession of firearms by a convicted felon, in violation of 18 U.S.C.A. Sec. 922(g)(1) (West 1976 & Supp.1993). McDaniel contends that the district court erroneously denied his motions for acquittal and continuance. McDaniel also challenges the two-level base offense level increase for being an organizer or leader. United States Sentencing Commission, Guidelines Manual, Sec. 3B1.1(c) (Nov.1991). Finding no error, we affirm.
 
 I.
 
 2
 The Government's evidence, including testimony by co-conspirator Jeffrey Wilson Moody, showed that McDaniel[1] coordinated efforts by Moody, Jack Jeffress Jones, and Kenneth Harris to transport fourteen Virginia-purchased firearms to New Jersey, McDaniel's home state. McDaniel recruited Moody to travel from New Jersey to South Boston, Virginia, assist in the purchase of the weapons, and transport them by bus back to New Jersey. McDaniel agreed to pay Moody $1,000 for his efforts. Pursuant to McDaniel's instructions, Moody obtained and transported fourteen grams of cocaine from New Jersey to pay Jones for a previous firearms purchase for McDaniel. Funds to purchase the cocaine were provided by a Newark, New Jersey, resident known to Moody only as "Sue."
 
 
 3
 McDaniel used Jones, a Virginia resident, to purchase two firearms from Virginia Gun World ("VGW"). McDaniel recruited Stacey Rogers to cash money orders to facilitate Jones' purchase of seven more firearms from VGW. McDaniel accompanied Jones on the second VGW purchase and on another firearms purchase at a South Boston furniture store from an unidentified seller.
 
 
 4
 At Rogers' house, McDaniel prepared the firearms for transport by wrapping them in towels and packing them in suitcases. McDaniel was later arrested in Rogers' bedroom, where Bureau of Alcohol, Tobacco, and Firearms agents found a gun catalog and the VGW boxes from Jones' two VGW purchases. Agents also retrieved a receipt from one of those purchases from McDaniel's pocket.
 
 
 5
 At trial, McDaniel denied participation in and knowledge of the conspiracy, claiming that he had traveled to South Boston to lease his limousine for $200 to Rogers for transport to a concert in Valley Forge, Pennsylvania. McDaniel was convicted and sentenced to ninety-seven months imprisonment.
 
 II.
 A.
 
 6
 McDaniel claims the district court erred in denying his motion for acquittal as to the conspiracy charge. According to McDaniel, the Government failed to demonstrate his knowing joinder of the conspiracy.
 
 
 7
 McDaniel's arguments overlook Moody's testimony establishing McDaniel as the conspiracy's organizer and primary participant. The contradictory accounts of McDaniel's participation required a credibility determination, which is not subject to appellate review. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989). After viewing the evidence in a light most favorable to the Government, we find a rational trier of fact could have indeed found the essential elements of a Sec. 371 conspiracy[2] beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Hence, the court properly denied McDaniel's acquittal motion.
 
 B.
 
 8
 McDaniel argues that the court violated his Sixth Amendment right to compulsory process by denying his motion for a continuance in order to secure the attendance of Douglas McDuff, whom McDaniel claimed to be the person identified by Moody as Sue.
 
 
 9
 In requesting the continuance, defense counsel conceded his mere belief that McDuff was Sue, and failed to demonstrate the substance, relevance, or competence of McDuff's purposed testimony, or the availability of McDuff if a continuance was granted. McDaniel thereby failed to satisfy the prerequisites for a continuance to secure the presence of a witness, United States v. Bourne, 743 F.2d 1026, 1030 (4th Cir.1984), or the attachment of the Sixth Amendment right of compulsory process, United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982) (compulsory process right applies only to favorable and material witnesses). It follows that the denial of the continuance was neither arbitrary nor fundamentally unfair, United States v. Sellers, 658 F.2d 230, 231 (4th Cir.1981), and, therefore, did not constitute an abuse of discretion. United States v. Clark, 928 F.2d 639, 644 (4th Cir.1991).
 
 C.
 
 10
 Finally, McDaniel contests the use of the Sec. 3B1.1(c) "organizer or leader" enhancement. Our review of the evidence shows that the assessment of the Sec. 3B1.1(c) enhancement was not clearly erroneous. United States v. Arnoldt, 947 F.2d 1120, 1128 (4th Cir.1991) (standard of review), cert. denied, 60 U.S.L.W. 3716 (U.S.1992).
 
 III.
 
 11
 For the reasons stated herein, we affirm McDaniel's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 At the time of the instant offense, McDaniel was serving a two-year probationary sentence for a New Jersey narcotics felony conviction
 
 
 [2]
 The essential elements for aSec. 371 conspiracy are (1) an agreement (2) between two or more persons (3) to act together in committing an offense, and (4) an overt act in furtherance of that agreement. United States v. Chorman, 910 F.2d 102, 109 (4th Cir.1990)