52 F.3d 322
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Keith LONG, a/k/a Keith Jackson, a/k/a Kenny Jones, a/k/a
Miguel Garcia, a/k/a Marcus Elbert Holmes, a/k/a
Little C, Defendant-Appellant.
 No. 94-5525.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 28, 1995.
Decided: April 25, 1995.
 
 John J. Pizzuti, CAMILLETTI, SACCO & PIZZUTI, Wheeling, W VA, for Appellant. William D. Wilmoth, United States Attorney, Sam G. Nazzaro, Assistant United States Attorney, Wheeling, W VA, for Appellee.
 Before WIDENER, WILKINS, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Keith Long entered a guilty plea to one count of distribution of crack within 1000 feet of a playground, 21 U.S.C.A. Secs. 841, 860 (West 1981 & Supp.1994). He appeals his 360-month sentence, contending that the district court clearly erred by denying him an adjustment for acceptance of responsibility, United States Sentencing Commission, Guidelines Manual, Sec. 3E1.1 (Nov.1993). We affirm.
 
 
 2
 Initially, we must address the government's argument that Long's appeal is barred by his escape in October 1994 after he was sentenced and while his appeal was pending. Long was recaptured in November 1994. An appeals court need not hear the merits of a criminal defendant's appeal if he escapes from custody while the appeal is pending. Estelle v. Dorrough, 420 U.S. 534, 537 (1975); Molinaro v. New Jersey, 396 U.S. 365, 366 (1970); United States v. Corporan-Cuevas, 35 F.3d 953, 957 (4th Cir.1994); United States v. Harvey, 697 F.2d 112 (4th Cir.1982). However, this Court previously has exercised its discretion to hear the appeal rather than dismiss it when the defendant is recaptured while his appeal is pending. See United States v. Snow, 748 F.2d 928, 930 (4th Cir.1984) (defendant returned to custody within thirty days, no inconvenience to appeals court). This Court has also allowed reinstatement of appeals for escapees who remained at large for extended periods. United States v. Sellers, 621 F.2d 101 (4th Cir.1980) (defendant recaptured after three years, appeal reinstated). In this case, we see no reason to dismiss the appeal.
 
 
 3
 Turning to the merits, we find that the district court did not clearly err in denying Long a reduction for acceptance of responsibility. In May 1994, before he was sentenced, Long escaped from federal custody while he was being transported to Morgantown, West Virginia, to testify before a grand jury. He was recaptured immediately, but he never testified before the grand jury. Because of this first escape, Long was given an adjustment for obstruction of justice under guideline section 3C1.1, an enhancement he did not contest. Application Note 4 to guideline section 3E1.1 provides that conduct resulting in an adjustment for obstruction of justice normally demonstrates that the defendant has not accepted responsibility for his offense; in this circumstance, an adjustment under section 3E1.1 is not appropriate. United States v. Melton, 970 F.2d 1328, 1335-36 (4th Cir.1992). Although both adjustments may apply in extraordinary cases, the district court found that no extraordinary circumstances were present in Long's case. We agree.
 
 
 4
 The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.