UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4056

COREY M. AVENS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CR-96-383)

Submitted: February 17, 1998

Decided: March 3, 1998

Before WIDENER and MURNAGHAN, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Janis R. Harvey, LAW OFFICE OF JANIS R. HARVEY, P.A., Balti-
more, Maryland; Roland Walker, WALKER, VANBAVEL, AMA-
RAL & MEAD, P.A., Baltimore, Maryland, for Appellant. Lynne A.
Battaglia, United States Attorney, Thomas M. DiBiagio, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Corey M. Avens pleaded guilty to one count of accessory after the fact in violation of 18 U.S.C. § 3 (1994) and was sentenced to three years' probation. On appeal, Avens contends that the court's denial of his motion for a continuance violated his due process rights under the Fifth and Fourteenth Amendments and his Sixth Amendment right to effective assistance of counsel. We affirm the conviction and sentence.

Avens, an ensign in the United States Navy, along with several others, was indicted for conspiring to transport, possess, receive, and sell stolen motor vehicles in violation of 18 U.S.C.§§ 371, 2312, 2313 (1994). The conspiracy involved stealing cars from New York, transporting them to Maryland, retitling them fictitiously, and reselling them for profit.

Avens filed a motion for a continuance on September 30, 1996, alleging that counsel, due to other court commitments, did not have adequate time to prepare Avens's case for trial. Having already granted one motion for a continuance, albeit not on request of Avens, the court denied the motion on October 1, 1996, finding that Avens knew by at least September 6, 1996, that he was going to be tried if he did not plead, and was therefore afforded sufficient trial preparation time. In accordance with a plea agreement, Avens ultimately pleaded guilty to aiding and abetting.

The denial of a motion for a continuance is reviewed for an abuse of discretion. See Morris v. Slappy, 461 U.S. 1, 11-12 (1983). A denial that constitutes "an unreasoning and arbitrary `insistence upon expeditiousness in the face of a justifiable request for delay'" is both abusive and violates an accused's Sixth Amendment right to assistance of counsel. Id. (quoting Ungar v. Sarafite, 376 U.S. 575, 589

2

(1964)). In order to prove an abridgement of the right to effective assistance, however, a defendant must show that the denied continuance "specifically prejudiced" his case. See United States v. Larouche, 896 F.2d 815, 823 (4th Cir. 1990). Furthermore, due process protections are implicated only when the denial is arbitrary and fundamentally unfair. See United States v. Sellers, 658 F.2d 230, 231 (4th Cir. 1981).

Avens does not dispute the trial court's finding that he knew by September 6, 1996, that he would be tried on October 21, 1996, in the absence of a plea. We do not find that the court's denial constituted "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." With respect to Avens's contention that trial counsel did not have time to adequately prepare for trial, Avens presents no evidence that the denial specifically "prejudiced" his case. See United States v. Lorick , 753 F.2d 1295, 1297 (4th Cir. 1985) (holding that counsel's failure to make a concrete showing of either specific prejudice or exculpatory evidence to be sought during the requested delay precluded a finding of abuse of discretion in the court's denial of a motion for a continuance).

Accordingly, we affirm Avens's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

AFFIRMED

3