**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                     No. 01-4034

NATALIE ARETHA LEATH,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Senior District Judge.
(CR-99-75)

Submitted: July 12, 2001

Decided: July 26, 2001

Before NIEMEYER and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

J. Christopher Clemens, Sr., CLEMENS & CLEMENS, P.C., Salem,
Virginia, for Appellant. Ruth E. Plagenhoef, United States Attorney,
Donald R. Wolthuis, Assistant United States Attorney, Roanoke, Vir-
ginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Natalie Aretha Leath appeals her conviction after a bench trial of distribution of cocaine base in violation of 21 U.S.C.A. § 841(a)(1) (West 1999); 18 U.S.C. § 2 (1994).* On appeal, Leath argues the district court abused its discretion in denying her motion to continue and that there was insufficient evidence to establish her guilt. We affirm.

A court's decision to deny a continuance is reviewed for abuse of discretion. *United States v. Sellers*, 658 F.2d 230, 231 (4th Cir. 1981) (per curiam). A party seeking a continuance to secure a witness must prove: (1) who the witness is; (2) what the testimony will be; (3) that it will be relevant and competent; (4) that the witness probably can be obtained; and (5) due diligence has been used to obtain the witness' attendance for the trial. *United States v. Clinger*, 681 F.2d 221, 223 (4th Cir. 1982). The district court denied Leath's motion on the grounds that she had been "dilatory" in attempting to locate the witness and it was questionable that the witness' testimony would be helpful. We have reviewed the record and determine the district court did not abuse its discretion.

A verdict must be upheld on appeal if, taking the view most favorable to the government, there is substantial evidence in the record to support it. *Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, this court inquires whether there "is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc) (citation omitted). In evaluating the sufficiency of the evidence, this court does not review

---

*Although Leath pled guilty to other charges in the indictment Leath does not raise any issue concerning those charges on appeal.

the credibility of witnesses and assumes the fact finder resolved all contradictions in the testimony for the government. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). We have reviewed the record and conclude there was sufficient evidence to convict Leath.

We therefore affirm Leath's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*