**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 03-4843**

—————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TAUHEEDAH RICHARDSON,

Defendant - Appellant.

—————

**No. 04-4122**

—————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICARDO DINNALL,

Defendant - Appellant.

—————

**No. 04-4128**

—————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRUCE OKELLO JOSEPH, a/k/a Okello Bruce
Joseph,

Defendant - Appellant.

No. 04-4163

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LIONEL STAINE,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at New Bern. Malcolm J. Howard, District Judge. (CR-02-60-H)

Argued: March 18, 2005                    Decided: April 15, 2005

Before NIEMEYER, LUTTIG, and KING, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

**ARGUED:** Richard Clarke Speaks, Wilmington, North Carolina; Lewis Alston Thompson, III, BANZET, BANZET & THOMPSON, Warrenton, North Carolina; James M. Ayers, II, New Bern, North Carolina, for Appellants. Anne Margaret Hayes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** W. Gregory Duke, BLOUNT & DUKE, Greenville, North Carolina, for Appellant Ricardo Dinnall. Frank D. Whitney, United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Defendants-appellants Tauheedah Richardson, Ricardo Dinnall, Bruce Joseph, and Lionel Staine were convicted in federal district court of conspiracy to distribute and to possess with the intent to distribute more than 50 grams of cocaine base, a quantity of cocaine, and a quantity of marijuana. Staine and Dinnall were convicted of conspiracy to unlawfully kidnap a person, and Joseph was convicted of traveling in interstate commerce with intent to promote the drug conspiracy. Appellants challenge their convictions and sentences. For the reasons that follow, we affirm appellants' convictions, but vacate their sentences and remand for resentencing consistent with United States v. Booker, 125 S. Ct. 738 (2005).

I.

Appellants were tried at a single trial, at which the government presented extensive evidence linking them to a larger drug conspiracy. A former member of the conspiracy, Rodney Pender, testified that he was affiliated with both Staine and Dinnall, and that both men sold crack cocaine in New Bern, North Carolina. J.A. 171-72. Pender also testified that Richardson helped transport cocaine between New York and North Carolina. J.A. 177-78. Finally, Pender testified that Joseph transported cocaine from New York City to North Carolina, transferred the cocaine to Staine, and

-3-

Staine gave it to Pender, who would "cook it" to convert it into crack.[1]  J.A. 178-79, 184.  Other witnesses confirmed defendants' involvement with the drug conspiracy.  See, e.g., J.A. 241, 536-37, 562-65.

Testimony also linked Staine and Dinnall to the kidnapping of Rodney Fisher, who was murdered by his kidnappers.  Pender testified that Dinnall told Pender that Dinnall had participated in abducting Fisher.  J.A. 169-70.  Pender also testified that Staine was present when Fisher was murdered and supplied the gun for his murder.  J.A. 162-64.

At the conclusion of the government's case, the district court denied the defendants' motion for a judgment of acquittal.  J.A. 912.  No defendant offered any evidence to rebut the government's case.  J.A. 902-03.

After the jury convicted Staine and Dinnall of both the drug conspiracy charge and the conspiracy to commit kidnapping, they were sentenced to life imprisonment because of their responsibility for the murder of Fisher, which implicated the murder cross-reference in section 2A4.1(c) of the United States Sentencing

---

[1]Pender testified that Joseph transported 700 grams of powder cocaine from New York to North Carolina, where it was converted into crack.  Pender received "six ounces of that crack cocaine," which converts to over 170 grams of crack.  See U.S.S.G. § 2D1.1 cmt. 10 (2004) (providing a conversion table indicating that one ounce of drugs is the equivalent of 28.35 grams).  Pender's testimony thus supported the conclusion that Joseph was responsible for the amount of crack charged in the indictment, i.e., over 50 grams.

Guidelines. Joseph was sentenced to 264 months for the drug conspiracy and 60 months for the travel in interstate commerce, to run concurrently. J.A. 1240. Finally, Richardson was sentenced to 324 months for the drug conspiracy. J.A. 1289-90. All defendants appealed their convictions and sentences.

II.

The defendants raise multiple challenges to their convictions, which we address seriatim.

Staine and Dinnall both allege that they were entitled to a new trial because the trial judge, after closing arguments, altered the instructions to the jury regarding the charge of conspiracy to kidnap, in violation of Federal Rule of Criminal Procedure 30. A violation of Rule 30, which provides that "[t]he court must inform the parties before closing arguments how it intends to rule on the requested [jury] instructions," requires remand only if the violation resulted in prejudice. United States v. Burgess, 691 F.2d 1146, 1156 (4th Cir. 1982); United States v. Horton, 921 F.2d 540, 547 (4th Cir. 1990).

Staine and Dinnall allege that they were prejudiced because the trial judge announced prior to closing arguments that he would instruct the jury in accordance with the elements of the substantive offense of kidnapping, and their counsel's closing arguments tracked the elements of that offense. They claim that

the judge's ultimate instruction of the jury based on the conspiracy to commit kidnapping undermined their counsel's credibility.

We find these claims of prejudice unpersuasive. The trial court permitted counsel for Dinnall and Staine additional time to present supplemental closing arguments after the court announced the new instructions, and counsel could have used their supplemental arguments to correct any misconceptions by the jury. Both counsel subsequently addressed the jury and specifically discussed the elements of the conspiracy charge. J.A. 1040-44. Additionally, Dinnall's and Staine's counsel were aware of the court's intention to use the instruction for kidnapping, a crime for which their clients had not been indicted, and made no objection. They thus are equally responsible for any prejudice resulting from the trial court's obvious obligation to conform the instruction to the charge in the indictment.

Next, appellants raise two objections to evidence admitted against them. We review the district court's decision concerning the admissibility of evidence for abuse of discretion, and such rulings are subject to harmless error review. United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997). All four appellants allege that the trial court violated Federal Rule of Evidence 403 when it admitted gruesome and prejudicially inflammatory photographs and video of Fisher, the victim of the kidnapping and

murder.[2]  Joseph alleges that the court's admission, over his objection, of evidence that Joseph had participated in robbing a restaurant violated Rule 404(b).  J.A. 572-73.  In light of the substantial and entirely uncontradicted evidence that defendants committed the crimes with which they were charged, any error by the district court in admitting these types of evidence was harmless.[3]

All appellants also allege that the district court erred by admitting evidence from expert witnesses about the "general practice of drug trafficking" and the presence of cocaine on money seized from Joseph's brother after defendants were given late notice or no notice of the proposed testimony.  J.A. 835, 865.  While the district court concluded that the late notice constituted a discovery violation, rather than excluding the evidence, it merely limited the scope of the testimony of one of the expert witnesses as a remedy.  J.A. 865.  Even if the district court

---

[2]Richardson also alleges that the district court should have granted her motion for the severance of her trial from that of the other defendants because of her lack of connection to Fisher's murder.  However, requests for separate trials are within the discretion of the district court, and "a denial of a requested severance will be reversed on appeal only where denial precluded a fair trial." United States v. Sellers, 658 F.2d 230, 231 (4th Cir. 1981).  Richardson fails to show that the joint trial was so prejudicial as to preclude a fair trial.

[3]Because appellants only objected to some of the photographs at trial, the district court's admission of the remaining photographs is subject to review only for plain error. See United States v. Vogt, 910 F.2d 1184, 1192 (4th Cir. 1990). Because their admission, if error, was harmless, it is necessarily not plain error affecting substantial rights.

correctly concluded that a discovery violation occurred, the appellants cannot show that they suffered any prejudice as a result of that violation, and thus are not entitled to relief. See United States v. Fiqueroa-Lopez, 125 F.3d 1241, 1247 (9th Cir. 1997) (holding that the defendant "must demonstrate prejudice to substantial rights to justify reversal for violations of discovery rules.").

Finally, Dinnall contests the court's conclusion that sufficient evidence existed to support a finding that he participated in the actual abduction of Fisher, and thus argues that the evidence was insufficient to convict him of conspiracy to commit kidnapping. Joseph argues that the court erred in denying the judgment of acquittal on the grounds that insufficient evidence existed to prove that he had conspired to possess and distribute more than 50 grams of cocaine base or that he had traveled in interstate commerce to commit a drug trafficking crime. We must consider whether, taking the evidence in the light most favorable to the Government, substantial evidence supports the jury's verdict. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Wills, 346 F.3d 476, 495 (4th Cir. 2003). Accepting as true Pender's testimony summarized above, it is clear that substantial evidence supported the jury's conclusions.

III.

The appellants also challenge their sentences in light of the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). Because these challenges were not raised to the district court, we review them for plain error. United States v. Hughes, No. 03-4172, 2005 U.S. App. LEXIS 4331, at *12 (4th Cir. Mar. 16, 2005).

The presentence report utilized section 2A4.1, the guideline for a kidnapping charge, to set Staine's and Dinnall's Base Offense Level which, absent any fact findings beyond the mere fact of a kidnapping, would have been 32. U.S.S.G. § 2A4.1(a). However, the trial court concluded that the murder of Fisher was a reasonably foreseeable consequence of the kidnapping conspiracy, and increased Staine's and Dinnall's base offense level to 43 pursuant to section 2A4.1(c). J.A. 1138, 1187. This application of the murder cross-reference increased the guidelines range of 151-188 months for Staine and Dinnall to a mandatory sentence of life imprisonment. J.A. 1138, 1187.[4] The facts supporting the murder cross-reference

---

[4]The guidelines range for Staine and Dinnall was based on their placement in criminal history category III. Although the PSR classified Dinnall in criminal history category IV, the judge noted at the sentencing hearing that he would "tentatively find" that Dinnall's criminal history category was III. J.A. 1187. Because an offense level of 43 mandates life imprisonment regardless of criminal history, Dinnall's criminal history was not relevant to his sentence.

were neither expressly nor necessarily found by the jury.[5] Similarly, the court made findings of drug quantity that increased the Base Offense Levels, and thus the guidelines ranges, for Richardson and Joseph, from 32 to 38. The court also concluded that Richardson supplied firearms to the conspiracy, increasing her Base Offense Level to 40. Based on the facts found by the jury, Richardson and Joseph could each have been sentenced to 135-168 months for the drug conspiracy conviction. Their sentences were increased outside this range based on facts found only by the court.

Because the appellants received higher sentences than would have been permissible based on the jury's findings, we agree with both parties that United States v. Hughes requires that we vacate and remand appellants' sentences for resentencing under an advisory guidelines system.[6] See Hughes, 2005 U.S. App. LEXIS 4331, at *13-17, *37-38 (finding that Hughes had satisfied all three prongs of the plain error test set forth in United States v. Olano, 507 U.S. 725, 732 (1993), when he was sentenced to a sentence substantially

---

[5]Although the application of the murder cross-reference rendered other sentencing enhancements moot, the court also concluded, not based simply on the facts necessarily found by the jury, that Staine and Dinnall should receive a three-level enhancement because they played an aggravated role in the offense.

[6]Because we vacate the sentences under Hughes, it is unnecessary for us to reach Dinnall's alternative argument that the court clearly erred in its factual conclusion that the murder was a reasonably foreseeable consequence of the conspiracy.

longer than that permitted based purely on the facts found by a jury, and that the court should exercise its discretion to recognize the error).

CONCLUSION

For the reasons stated herein, we affirm the convictions of each of the four appellants.  Their sentences are hereby vacated and the case remanded for resentencing consistent with United States v. Booker.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART

-11-