**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4817**

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

TAUHEEDAH RICHARDSON,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Malcolm J. Howard, District Judge.  (CR-02-60)

Argued: February 1, 2007          Decided:  May 11, 2007

Before WILKINS, Chief Judge, and NIEMEYER and KING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:** Michael Gordon James, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellant.  Richard Clarke Speaks, Wilmington, North Carolina, for Appellee.  **ON BRIEF:** Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tauheedah Richardson was convicted of conspiring to distribute and possessing with intent to distribute more than 50 grams of crack cocaine and an unspecified quantity of cocaine powder, in violation of 21 U.S.C. §§ 846, 841(a)(1). Applying the mandatory Sentencing Guidelines, the district court sentenced Richardson on February 2, 2004, to a 324-month term of imprisonment. Because that sentence violated Richardson's Sixth Amendment jury trial right, as subsequently determined in United States v. Booker, 543 U.S. 220, 244 (2005), we vacated the sentence and remanded the case for resentencing in accordance with Booker. See United States v. Richardson, No. 03-4843, 2005 U.S. App. LEXIS, at *9-12 (4th Cir. April 15, 2005).

At resentencing, the district court calculated the recommended Sentencing Guideline range to be 324 to 405 months, but imposed a 180-month term of imprisonment. The district court gave three reasons for imposing the variance sentence: (1) Richardson's "youthfulness" at the time of the criminal conduct; (2) her good character prior to becoming the girlfriend of one of the principal members of the drug conspiracy; and (3) her post-sentencing rehabilitative efforts. The government appeals the variance sentence, contending that the reasons given by the district court did not justify the extraordinary variance, and therefore the sentence imposed was unreasonable. We agree and accordingly remand

for resentencing, but we do not rule out any variance as unreasonable.

Following Booker, we review sentences for reasonableness. Booker, 543 U.S. at 261. "A sentence falling outside of the properly calculated Guidelines range is not ipso facto unreasonable," United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006), for if a sentence within that range does not serve the sentencing factors set forth in § 3553(a), a court must "select a sentence that does serve those factors," id. at 456. The reasons for the variance, therefore, "must be based on the factors listed in § 3553(a)," id., and the district court must "articulate the[se] reasons," United States v. Moreland, 437 F.3d at 432 (4th Cir. 2006).

In reviewing a variance sentence, we consider "whether the district court acted reasonably with respect to (1) the imposition of a variance sentence, and (2) the extent of the variance." Moreland, 437 F.3d at 434. If the district court "provides an inadequate statement of reasons[,] relies on improper factors," or gives "excessive weight to any relevant factor," the sentence "will be found unreasonable and vacated." Green, 436 F.3d at 457. Also, "where the variance is a substantial one," such as here, "we must more carefully scrutinize the reasoning offered by the district court in support of the sentence," and "the farther the court

diverges from the advisory guidelines range, the more compelling the reasons for divergence must be." Moreland, 437 F.3d at 434.

In this case, the district court was impressed with Richardson's good character prior to becoming the girlfriend of one of the conspiracy's principal members. The court saw in Richardson a person of good character with little criminal history (one conviction for use of a "simple worthless check" and one conviction for marijuana possession) whose present criminality was substantially influenced by her romantic relationship with one of the conspiracy's principals. This conclusion was fortified by Richardson's rehabilitative efforts between the first and second sentencing proceedings in this case.

We conclude, however, that the reasons offered by the district court do not provide a basis sufficiently compelling to justify the substantial downward variance granted in this case -- a reduction of Richardson's sentence from a recommended range of 324 to 405 months to 180-months' imprisonment. See Moreland, 437 F.3d at 434.

First, Richardson's prior good character, the effect of her personal relationship with a principal in the conspiracy on her criminal activities, and her lack of notable criminal record may relate to some § 3553(a) sentencing factors, but they are not so extraordinary as to provide a compelling basis on which to support a large variance.

Second, the district court's reliance on Richardson's youth was misplaced. A district court is required to consider "any pertinent policy statement issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5)(A). One such policy statement provides that "age (including youth) is not ordinarily relevant in determining whether a departure is warranted." U.S.S.G. § 5H1.1.

Third, the district court's reliance upon Richardson's post-sentencing rehabilitative efforts was similarly misplaced. The Sentencing Commission has issued a policy statement indicating that "post-sentencing rehabilitative efforts, even if exceptional, undertaken by a defendant after imposition of a term of imprisonment for the instant offense are not an appropriate basis for a downward departure when resentencing the defendant for that offense." U.S.S.G. § 5K2.19. The discouraged sentencing factor of youthfulness and the inappropriate sentencing factor of post-sentencing rehabilitative efforts cannot provide a "compelling" basis for a substantial variance.

Finally, the district court failed to account for the seriousness of Richardson's criminal conduct and to demonstrate how such a large variance would serve the primary purposes of sentencing that are described in § 3553(a)(2)(A). Richardson was convicted for her participation in a wide-ranging, multi-year drug trafficking conspiracy based in New Bern, North Carolina. During that time, she was the girlfriend of a principal member of the

conspiracy. The evidence presented at trial established that she was extensively involved, demonstrating that she stored drugs; that she stored cash proceeds from drug sales; that she transported cocaine shipments from New York to North Carolina; that she transported co-conspirators to drug sales; that she attended the conversion of powder cocaine into crack cocaine; that she facilitated communication among her co-conspirators by transporting messages among them; that she obtained a firearm for her co-conspirators; that she helped her co-conspirators evade arrests, including one who had committed murder; that she permitted the concealment of a murder weapon behind residence; and that she herself sold crack cocaine on occasion. We conclude that the substantial variance sentence imposed does not "reflect the seriousness" of this conduct, "promote respect for the law" that was broken, nor "provide just punishment" for Richardson's prolonged entanglement with the drug trafficking conspiracy. See 18 U.S.C. § 3553(a)(2)(A).

For the reasons given, we vacate Richardson's variance sentence because the extent of the variance was unreasonable. Our holding, however, does not deny the court discretion to impose a variance sentence as appropriate to support the sentencing factors found in § 3553(a).

VACATED AND REMANDED