**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4847

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TAUHEEDAH RICHARDSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (4:02-cr-00060-H)

Submitted: October 1, 2008          Decided: November 7, 2008

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

R. Clarke Speaks, Wilmington, North Carolina, for Appellant. Anne Margaret Hayes, Michael Gordon James, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tauheedah Richardson was convicted of conspiracy to distribute and to possess with the intent to distribute fifty grams of cocaine base, a quantity of cocaine and a quantity of marijuana. On appeal, Richardson's conviction was affirmed. Her sentence was vacated and remanded for resentencing consistent with the rule announced in United States v. Booker, 543 U.S. 220 (2005). See United States v. Richardson, No. 03-4843, 2005 WL 859351 (4th Cir. Apr. 15, 2005) (unpublished). On remand, the district court imposed a downward variance and sentenced Richardson to 180 months' imprisonment. The court "gave three reasons for imposing the variance sentence: (1) Richardson's 'youthfulness' at the time of the criminal conduct; (2) her good character prior to becoming the girlfriend of one of the principal members of the drug conspiracy; and (3) her post-sentencing rehabilitative efforts." See United States v. Richardson, No. 05-4817, 2007 WL 1413075, *1 (4th Cir. May 11, 2007) (unpublished). The Government appealed, arguing that the extraordinary variance was unreasonable. This court agreed and vacated the sentence and remanded for resentencing. The court stated that the "holding, however, does not deny the court discretion to impose a variance sentence as appropriate to support the sentencing factors found in § 3553(a)." See Richardson, 2007 WL 1413075, *3.

On remand, the district court imposed a downward departure by moving Richardson from Criminal History Category II to Category I. The court then imposed a variance and reduced her total offense level from forty to thirty-seven. The advisory Guidelines range of imprisonment was 210 to 262 months' imprisonment. The court sentenced Richardson to 210 months' imprisonment, the low end of the reconfigured Guidelines' range of imprisonment.

Richardson's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating there were no meritorious grounds for appeal, but questioning whether the district court plainly erred by sentencing Richardson to 210 months' imprisonment. Richardson was advised of her right to file a pro se supplemental brief, but did not file one. The Government did not file a brief. Finding no meritorious issues for appeal, we affirm.

Appellate courts review sentences imposed by district courts for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007); United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). When sentencing a defendant, a district court must first properly calculate the Guidelines range. The Guidelines is "the starting point and the initial benchmark." Gall, 128 S. Ct. at 596. Next, the court should give the parties the opportunity to argue for whatever sentence they deem appropriate. The court is then

3

instructed to consider the § 3553(a) factors in light of the parties' requests with respect to the sentence. <u>Pauley</u>, 511 F.3d at 473. In the Fourth Circuit, "[a] sentence within the proper Sentencing Guidelines range is presumptively reasonable." <u>United States v. Allen</u>, 491 F.3d 178, 193 (4th Cir. 2007); <u>see</u> <u>Rita v. United States</u>, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).

Upon review, this court must first determine whether the district court committed any significant procedural error, <u>Gall</u>, 128 S. Ct. at 597, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." <u>Id.</u> If this court finds the sentence is procedurally sound, it must next "consider the substantive reasonableness of the sentence." <u>Gall</u>, 128 S. Ct. at 597. This court should "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range. If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness." <u>Id.</u>

We find the sentence was reasonable and not an abuse of discretion. Accordingly, we affirm. In accordance with <u>Anders</u>, we

4

have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Richardson's sentence. This court requires counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If she requests a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Richardson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED